[Civ. No. 17584. First Dist., Div. Two. Feb. 17, 1958.]

MIRACLE ADHESIVES CORPORATION (a Corporation) et al., Respondents, v. PENINSULA TILE CONTRACTORS' ASSOCIATION OF SAN MATEO, SANTA CLARA AND SAN BENITO COUNTIES (a Corporation), Appellant.

Morgan & Beauzay for Appellant.

Campbell, Custer, Warburton & Britton, Burnett, Burnett & Somers and John M. Burnett for Respondents.

DRAPER, J.—Defendant is an association of tile contractors. On behalf of its member contractors, it entered into a collective bargaining agreement with Bricklayers, Masons and Plasterers International Union, Local Number 19. One provision of the agreement reads:

"At no time shall tile be installed in mastic or thin setting beds other than conventional methods unless all requirements and specifications contained in Handbook K-400 pertaining to types of such installations have been complied with. The adhesive shall be used according to the manufacturers' specifications and shall bear commercial standard seal 181-152 of the Bureau of Commerce.

"Without limiting the generality of the foregoing and in order to protect the public from failures resulting from inferior installations, no tile will be applied in any shower, tub back, or other areas exposed to water unless setting beds are first installed in mortar backing by qualified tile layers in accordance with the latest accepted specifications of the Tile Handbook superseding basic specifications for tile work K-30 and Tile Handbook I of the Tile Council of America."

Plaintiffs manufacture and sell tile adhesives of the type which constitutes "mastic or thin setting beds other than conventional methods" as described in the quoted agreement. Plaintiffs' mastic is used as a substitute or alternative for mortar backing. While it can be used upon mortar, it is designed for use chiefly upon gypsum board or like surfaces which can be installed more cheaply than mortar. Since the mortar itself holds tile in place, the requirement of defendant's contract reduces the use of plaintiff's adhesives.

Upon finding these facts, the trial court concluded that the quoted contract provision was in violation of the Cartwright Act (Bus. & Prof. Code, § 16720 et seq.) and granted permanent injunction restraining defendant association and its members from "honoring, performing or enforcing" the questioned contract provision. Defendant appeals. The union with which appellant contracted is not a party to this action, and is in no way before the court.

■ Persons "whose interests, rights, or duties will inevitably be affected by any decree which can be rendered in the action" are indispensable parties, and the action cannot proceed without them. The law also recognizes a class of parties who are termed "necessary," but without whom a given case may, in certain circumstances, proceed to judgment (*Bank of California* v. *Superior Court*, 16 Cal.2d 516, 521 [106 P.2d 879]). As a matter of semantics, the distinction between "indispensable" and "necessary" is difficult to comprehend. Historically, the differentiation stems from the need to relax the early equity rule which, to avoid multiplicity of actions, required the presence of all parties who were necessary to final determination of all issues in the action. Such parties, in fact, as well as in name, were "necessary" under the early rule. But cases arose in which such parties could not be joined or served. If their rights were separable, it was often more desirable to proceed without them than to delay or defeat determination of the rights of the parties who were before the court (see 29 Cal.L.Rev. 731). A happier choice of language might well have termed these parties "desirable," but this renaming did not occur. Rather, they continued to be "necessary," while those without whom the action could in no case continue were termed "indispensable." In any event, it is now clear that the term "indispensable parties" refers to those without whom the action cannot proceed, while "necessary parties" are those whose presence, although desirable, may be dispensed with where equitable considerations require (see *Bank of California* v. *Superior Court, supra*).

■ In the case at bar, there is no room for doubt that the union is an indispensable party. The contract provision here in issue requires the union, as well as respondent employers, to refrain from use of a particular construction method. The contract obligations of respondents and the union are mutual, reciprocal and identical. To enjoin one party to the contract from "honoring, performing or enforcing" is equally to enjoin the other. In restraining the employers, the injunction necessarily deprives the employees of the benefit of their agreement, but does so without their being before the court to present their case.

The United States Supreme Court has ordered dismissal of an action for rescission of a contract because of the absence of some of the contracting parties (*Shields* v. *Barrow*, 17 How. (U.S.) 130 [15 L.Ed. 158]). ■ An action to rescind a trust agreement cannot proceed without the joinder of each

person who has a joint interest in the whole subject matter of the contract (*Lake* v. *Dowd*, 207 Cal. 290 [277 P. 1047]; see also *Mitau* v. *Roddan*, 149 Cal. 1 [84 P. 145, 6 L.R.A.N.S. 275]; *O'Connor* v. *Irvine*, 74 Cal. 435 [16 P. 236]).  ▆ One creditor, suing for his claimed pro rata share of the sum held by an assignee for benefit of creditors, must join all creditors (*McPherson* v. *Parker*, 30 Cal. 455 [89 Am.Dec. 129]).  Other cases also define the indispensable party (*McClure* v. *Donovan*, 33 Cal.2d 717 [205 P.2d 17]; *Warner* v. *Pacific Telephone etc. Co.*, 121 Cal.App.2d 497 [263 P.2d 465]; *Child* v. *State Personnel Board*, 97 Cal.App.2d 467 [218 P.2d 52]; *Ash* v. *Superior Court*, 33 Cal.App. 800 [166 P. 841]).

Respondents argue that this case is governed by two decisions (*Ambassador Petroleum Co.* v. *Superior Court*, 208 Cal. 667 [284 P. 445]; *Farmer* v. *Behmer*, 9 Cal.App. 773 [100 P. 901]) holding that parties not there joined were not indispensable.  But these decisions do not aid plaintiffs.  Each was an action to enjoin a nuisance, and such an action is governed by a special rule.  Also, in the Ambassador Petroleum case, the state sought to enjoin defendant lessee from so operating its oil wells as to waste natural gas.  It was argued that the lessors were indispensable parties.  The court held that they were not, pointing out that the purpose of the action was to control the manner of operation of the wells, which was wholly within the control of defendant lessees.  In Farmer, defendant was enjoined from leasing or permitting his premises to be used for purposes of prostitution.  The argument that the lessee-operator of the house of prostitution was an indispensable party was understandably rejected.  Her lease rights were affected only to the extent that they were used for the illegal purpose.  Neither decision governs our case.

▆ In the case at bar, the interests of the union are inevitably affected by the injunction sought and granted.  The impropriety of proceeding without the union is even more graphically shown by consideration of the principal defense urged.  Appellant employers argued and sought to show that the questioned contract provision is reasonably related to a legitimate labor objective, and therefore is excepted from the operation of the Cartwright Act (*Schweizer* v. *Local Joint Executive Board*, 121 Cal.App.2d 45 [262 P.2d 568]; *O'Shea* v. *Tile Layers Union*, 155 Cal.App.2d 373 [318 P.2d 102]).  This rule is based upon the theory that labor is not a commodity, and that a combination of laborers to further their

interests by collective bargaining is not a combination in restraint of trade. In the instant case, with the union not a party, the burden of showing labor's interest fell upon the employer. To adopt a rule which would sanction such procedure could lead to infinite difficulty. It seems clear in this case that the interests of appellant and respondents are fully adversary. But to permit determination of the union's interest in an action between employers could well encourage collusive actions. We are satisfied that the union is an indispensable party.

█ The record shows no objection in the trial court to the nonjoinder of the union. The question is but indirectly suggested on appeal. Respondents argue that this amounts to a waiver of the objection. But the very word "indispensable," particularly when used in an obvious effort to indicate something more than "necessary," would seem to negative this contention. It may be technically inaccurate to describe the presence of an indispensable party as jurisdictional, but the cases are clear that his presence is mandatory, and that objection based upon his omission may be raised by the appellate court upon its own motion (*Hartman Ranch Co.* v. *Associated Oil Co.*, 10 Cal.2d 232, 265 [73 P.2d 1163] ; *Bank of California* v. *Superior Court, supra,* 16 Cal.2d 516, 522; *Solomon* v. *Redona,* 52 Cal.App. 300, 306 [198 P. 643]).

The judgment is reversed, with directions to the trial court to order the union made a party and, if this not be done, to proceed as specified in the third paragraph of Code of Civil Procedure, section 389 (as amended 1957).

Kaufman, P. J., and Dooling, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 16, 1958.