[Civ. No. 5945. Fourth Dist. Mar. 13, 1959.]

W. S. THOMSON, Appellant, v. TALBERT DRAINAGE DISTRICT, Respondent.

Mize, Larsh, Mize & Hubbard for Appellant.

Rutan, Lindsay, Dahl, Smedegaard, Howell & Tucker, Hanna & Morton, Harold C. Morton and Max K. Jamison for Respondent.

SHEPARD, J.—This is an appeal from an order vacating a judgment. The order is responsive to a motion based on the sole ground that certain allegedly indispensable parties were not joined and that the judgment is therefore void. Plaintiff has appealed.

Defendant is a political subdivision of the State of California organized for the general purpose of draining undesirable surplus waters from the lands within its boundaries. Plaintiff is a landowner within said district. The parties moving to set said judgment aside and who claim to be indispensable parties (whom we will hereinafter call "movants"), are all landowners within said district upon whose land oil wells are producing surplus waste water, or are lessees operating said wells.

August 5, 1954, lessees, to assist in the contemplated disposal of waste water from oil wells, secured from defendant a license agreement giving lessees for the period of one year and thereafter until six months' notice of termination, permission to dump waste water (from which all oil had been filtered) into defendant's drainage conduits. Said agreement provided further that it might be terminated immediately, without notice, at the option of the district by: "Court action or proceedings or the injunction, order or demand of any Court, or the order or demand of any water authority, State or County Health Officer, or District, County, State or United States authority or authorities of any kind or nature."

July 17, 1957, plaintiff brought suit to enjoin defendant from permitting use of its drainage lines for the disposal of waste water by oil companies or operators. January 3, 1958, defendant gave to said owners and lessees the six months' termination notice provided by the agreement but no point is made of that on this appeal. February 13, 1958, pursuant to a stipulation between plaintiff and defendant a judgment was entered by the court permanently enjoining and restraining defendant from permitting certain of its drainage lines (which had theretofore been used by lessees for said oil well waste water disposal) to be used for the acceptance or disposal of any water from any oil or gas well operation. April 9, 1958 and April 14, 1958, said lessees and owners, respectively, moved the trial court to set aside and vacate the judgment on the sole ground that the parties indispensable to the action were not joined therein. May 1, 1958, the trial court filed its written order granting said motion and ordering said judgment vacated. Plaintiff appeals from said order.

From the affidavits filed in support of said motion it appears that the drainage lines of defendant, in which a license was granted by the agreement for disposal of waste water from oil wells, are the only practicable means presently available for disposal of said waste water, although another main line from another political subdivision was expected to be laid near by within a year or so. It further appears that said wells are subject to water drive, and if they are shut in for any substantial period of time they are likely to become totally and permanently inoperative, with a loss to owners and lessees of many millions of dollars.

Whether or not the movants, or some of them, were indispensable to the plaintiff's action for an injunction against defendant is the sole question argued on this appeal.

If these movants or some of them were indispensable to the maintenance of plaintiff's action, then the procedure of moving to vacate the judgment was the proper method to seek their rights. (*Elliott* v. *Superior Court*, 144 Cal. 501 [77 P. 1109, 103 Am.St.Rep. 102]; *Gardner* v. *Trevaskis*, 158 Cal. App.2d 410, 413 [1] [322 P.2d 545].)

Section 389, Code of Civil Procedure, insofar as it affects this proceeding, reads as follows: ". . . when a complete determination of the controversy can not be had without the presence of other parties, the court must then order them to be brought in, . . ." By this section the position of the trial court respecting an indispensable party is defined by the Legislature. An entirely satisfactory interpretation of the meaning of the portion of the section quoted, and a review of a large share of the leading cases on the subject has been given us by the Supreme Court in *Bank of California* v. *Superior Court*, 16 Cal.2d 516 [106 P.2d 879]. Therein the distinction between "proper," "necessary" and "indispensable" parties and the effect of joining or failing to join such parties is thoroughly explained, and with respect to "indispensable" parties the court says that if "the plaintiff seeks some other type of affirmative relief which, if granted, would injure or affect the interests of a third person not joined, that third person is an indispensable party. . . . All of these persons are, of course, 'necessary' parties, but the decisions show that they come within a special classification of necessary parties, to which the term 'indispensable' seems appropriate. An attempt to adjudicate their rights without joinder is futile." (*Bank of California* v. *Superior Court*, 16 Cal.2d 516, *supra*, p. 522.) The above opinion is supported by numerous well-reasoned

authorities therein cited and is followed by other well-reasoned cases, including *Miracle Adhesives Corp.* v. *Peninsula Tile Contractors' Assn.*, 157 Cal.App.2d 591, 593 [1] [321 P.2d 482].)

It is clear that a permanent injunction by the trial court forthwith prohibiting the use of defendant's drainage system for disposal of waste water from oil wells had the immediate and inevitable effect of terminating the agreement by which the movants were allowed to place their oil well waste water in defendant's drainage system. That the rights of movants under said agreement are valuable and that the loss thereof would work serious hardship and possibly great damage to movants is likewise clear. In our opinion, the lessee movants, who are the well operators, are inevitably affected by any decree the court may grant pursuant to the complaint and are indispensable parties, and the order of the trial court vacating the judgment was correct.

The order is affirmed.

Griffin, P. J., and Mussell, J., concurred.