[Civ. No. 27053. Second Dist., Div. Three. June 5, 1964.]

SALLY J. IRWIN, Plaintiff and Appellant, v. CITY OF MANHATTAN BEACH et al., Defendants and Respondents.

Clifford W. Twombly for Plaintiff and Appellant.

Walter N. Anderson, City Attorney, for Defendants and Respondents.

SHINN, P. J.—The appeal which is before us is from a judgment of dismissal following an order sustaining the demurrer of certain defendants to the complaint, as amended,

without leave to amend. The action is brought by Sally J. Irwin, a taxpayer of the City of Manhattan Beach, for herself and on behalf of all other taxpayers of the city, against the city, certain members who constitute a majority of the city council, and certain corporations and individuals, to enjoin construction, maintenance and use of a pedestrian overpass above and across Valley Drive, a public street of the city. Also named as defendants were Manhattan Hotels, Inc., a corporation, Pen & Quill, Inc., a corporation, Robert E. Reuben and Evelyn V. Schwartz, all of whom were parties to a contract with the city, pursuant to which the city granted them a permit to construct the overpass.

Manhattan Hotels owns property on the north side of the street, where it operates a motel or hotel; defendants Reuben and Schwartz own property on the south side of the street upon which Pen & Quill, as lessee, operates a restaurant and bar. They jointly applied to the city for permission to erect an overpass to connect the two buildings at the second or third-floor levels for use as a pedestrian walkway. The structure was to be 25 feet 6 inches in exterior width and 17 feet 6 inches in interior width and was to be 14 feet above the highest point of the street at the crossing. The permit was granted, without compensation paid therefor, upon certain conditions which are not material to our consideration of the appeal. The contract was entered into July 5, 1961, and was modified by agreement December 20, 1961. The present action was filed October 4, 1961. The complaint seeks a judgment declaring that the action of the city was ultra vires, that the contract and the permit are illegal and void and granting a permanent injunction against the construction, maintenance and use of the overpass. The briefs are devoted entirely to this question, but it is one which we could not properly decide upon the present record.

It appears from the complaint and the attached contracts that the defendants, other than the city and defendant councilmen, are indispensable parties to a determination of the controversy. They are the joint permittees, and, as appears from the undisputed statement in plaintiff's brief, have constructed the walkway and put it to use. Although named as defendants, they have not appeared and there is nothing in the record to indicate that they have been served with process.

If plaintiff should receive judgment against the defendants who are before the court for the relief she seeks it would be

the duty of the city to cause the structure to be removed; the rights of the permittees under the contract would be annulled and their property would be taken from them by force of a judgment to which they were strangers.

Such a judgment would be void. When it appeared, as it did clearly appear, that the permittees were indispensable parties to the action, the court could not proceed without them. The objection was not raised in the trial court, nor is it urged here, but it is an objection to court action which the law interposes, and it cannot presently be removed from the case.

 The court is without authority to render a judgment which would materially affect the rights of absent, known, indispensable parties. Failure of litigants to question the jurisdiction of the court to render such a judgment cannot vest in the court a power which the law denies.

Section 389, Code of Civil Procedure, states the procedure that the courts must follow in bringing in indispensable parties.[1] Numerous cases have explained the section and the manner of its application and enforcement. It is sufficient as a statement of the case law that we adopt, and we do adopt, the following from the opinion of the Fourth District in *Thomson* v. *Talbert Drainage Dist.*, 168 Cal.App.2d 687 (p. 689) [336 P.2d 174] : "By this section [389] the position of the trial court respecting an indispensable party is defined by the Legislature. An entirely satisfactory interpretation of the meaning of the portion of the section quoted, and a review of a large share of the leading cases on the subject has been given us by the Supreme Court in *Bank of California* v. *Superior Court*, 16 Cal.2d 516 [106 P.2d 879]. Therein the distinction between 'proper,' 'necessary' and 'indispensable' parties and the effect of joining or failing to join such parties is thoroughly explained, and with respect to 'indispensable' parties the court says that if 'the plaintiff seeks

---

[1] "A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties. ... When it appears that an indispensable party has not been joined, the court shall order the party asserting the cause of action to which he is indispensable to bring him in. If he is not then brought in, the court shall dismiss without prejudice all causes of action as to which such party is indispensable and may, in addition, dismiss without prejudice any cause of action asserted by a party whose failure to comply with the court's order is wilful or negligent. ..."

some other type of affirmative relief which, if granted, would injure or affect the interests of a third person not joined, that third person is an indispensable party. ... All of these persons are, of course, ''necessary'' parties, but the decisions show that they come within a special classification of necessary parties, to which the term ''indispensable'' seems appropriate. An attempt to adjudicate their rights without joinder is futile.' (*Bank of California* v. *Superior Court, supra,* 16 Cal.2d 516, at p. 522.) The above opinion is supported by numerous well-reasoned authorities therein cited and is followed by other well-reasoned cases, including *Miracle Adhesives Corp.* v. *Peninsula Tile Contractors' Assn.,* 157 Cal.App.2d 591, 593 [1] [321 P.2d 482].)''

The facts in *Thomson* render the decision closely in point. The lessees of landowners acquired the right by agreement with the drainage district to discharge surplus water from oil wells into the drainage conduits of the district. The rights of the landowners and the lessees under the agreement were valuable. In an action of Thomson, one of the landowners, against the district, the court enjoined the district from permitting the discharge of the water into its system. The landowners and their lessees moved to vacate the judgment upon the ground they were indispensable parties, not made defendants in the action. The motion was granted. Thomson appealed and the order was affirmed upon the ground that the court was without jurisdiction to render a judgment that would have deprived the landowners and their lessees of valuable rights under the agreement.

■ If a judgment had been rendered in favor of plaintiff in the present action it would have been subject to being vacated on motion, or by the court of its own initiative. However, it was error to dismiss the action. Regardless of the question of the sufficiency of the complaint, it was error to sustain the demurrer upon the ground that the complaint failed to state a cause of action.

An action may not be dismissed summarily whenever it appears there are parties whose presence is indispensable, without affording the plaintiff an opportunity to bring them in. Proceedings should be suspended for that purpose. ■ The proper procedure would have been for the court to take notice of the absence of the indispensable parties which the litigants had evidently overlooked, order them to be brought in by plaintiff and to dismiss the action without prejudice if they were not brought in. ■ Since no such order was made or applied for, the proper and, indeed, the

necessary disposition of the appeal is a conditional reversal of the judgment, solely upon the ground that it is void. Since the appeal is from a void judgment, we are without authority to affirm it, as the trial court was without authority to render it.

The judgment is reversed and the court is directed to vacate the order sustaining the demurrer, to order plaintiff to bring in as defendants the permittees above named, and thereafter to proceed as if such action had been taken before the court ruled upon the demurrer of the city and its named officers; no costs of appeal to either party.

Files, J., concurred.

Ford, J., concurred in the judgment.