[Civ. No. 22921.   First Dist., Div. Three.   Jan. 24, 1967.]

EMMA R. D. NOBLE, Plaintiff and Appellant, v. MERCHANTS NATIONAL REALTY CORPORATION et al., Defendants and Respondents.

Donald P. Nemir for Plaintiff and Appellant.

Erskine & Tulley and Robert H. Zeller for Defendants and Respondents.

DRAPER, P. J.—Plaintiff's second amended complaint seeks to establish her right to an easement for ingress and egress over a strip of land 10 feet wide. Her first cause of action prays that title be quieted in her as owner of the dominant tenement. The second count alleges that she is a taxpayer of defendant City of St. Helena, and seeks a declaration that the city holds the easement in trust for the use of the public. Demurrers of all defendants to each cause of action were sustained without leave to amend. Plaintiff appeals.

It is undisputed that an alley at least 10 feet in width was dedicated in 1883, and that an alley 10 feet in width remains in use. The several pleadings in this and related actions, however, leave uncertainty as to whether plaintiff claims the original dedication was of a 20-foot strip, or asserts dedication of a 10-foot strip and rights in an additional 10 feet by adverse use.

In any event, she alleges that the 10 feet here in issue are claimed by defendant bank and defendant corporation, who have constructed improvements obstructing it. It appears that these defendants claim under deed from defendant city.

We have concluded that the first cause of action is barred by the statute of limitations (Code Civ. Proc., § 318), and that the demurrers upon this ground were properly sustained.

The original complaint in this action was filed April 11, 1960. It named as defendants only the city and several Does, whose "true names or capacities" were alleged to be unknown to plaintiff. It was verified, and alleges that defendants' encroachment upon the claimed easement occurred April 11, 1955. Although this allegation is omitted from the first and second amended complaints, the mere omission, since it was verified, does not remove it from consideration in connection with the second amended complaint now before us (*Wennerholm* v. *Stanford University Sch. of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Bustamante* v. *Haet,* 222 Cal.App.2d 413 [35 Cal.Rptr. 176]). Even though defendants

Bank and Merchants are joined by name for the first time in the second amended complaint, filed December 31, 1963, their joinder as Does would avoid the running of the statute of limitations as to them after April 11, 1960 if their true names were not in fact known to plaintiff at that time (see *Irving* v. *Carpentier*, 70 Cal. 23, 26 [11 P. 391]), and the action would thus be in time. But plaintiff had filed an earlier action (No. 16187) March 28, 1958, now consolidated with the instant case, in which she alleged, under oath, that on April 11, 1955 these defendants, naming them, erected improvements in this same alley which barred its use by plaintiff. That verified complaint was before the trial court and is in the record here.

A joinder of Does, upon the mere pretense that their true names are unknown, does not stop the running of the statute as to them. When they are in fact known, only their joinder by true name can have that effect (*Lipman* v. *Rice*, 213 Cal.App.2d 474 [28 Cal.Rptr. 800]). But the verified complaint in No. 16187 showed that plaintiff knew, at least as early as March 28, 1958, the precise names of these defendants, together with full details of their claims to the alley and their encroachment upon it. Since the date they were first named was 5½ years later (8½ years after the alleged encroachment), the statute had run in favor of Bank and Merchants on the first cause of action.

In that count, the city is sued solely as the grantor of Bank and Merchants. Since their rights in the land in issue are to be determined, they are indispensable parties, without whom the action cannot proceed against the city on this count (Code Civ. Proc., § 389; see *Miracle Adhesives Corp.* v. *Peninsula Tile etc. Assn.*, 157 Cal.App.2d 591 [321 P.2d 482]).

The second cause of action, however, rests upon another ground. There, plaintiff sues as a taxpayer and citizen to enforce the claimed right of the city. Her right under this count is barred only if the city's right is barred. But title by adverse possession cannot be acquired against a city (Civ. Code, § 1007). This statute eliminates resort to the statute of limitations as a defense in an action by a city for the recovery of land. In pleading the statute here, the private defendants are in effect asserting it against the city. The city, by its demurrer, asserts no statute limiting the period within which a taxpayer may sue to compel it to enforce its rights as trustee of a public trust. It follows that the demurrer to the

second cause of action set forth in the second amended complaint should have been overruled.

Judgment affirmed as to the first count, but reversed as to second count, with directions to allow defendants a reasonable time to answer that cause of action.

Salsman, J., and Devine, J.,* concurred.

A petition for rehearing was denied on February 23, 1967, and the following opinion was then rendered:

THE COURT.—Respondents' petition for rehearing urges that plaintiff should, to sustain her second cause of action, have pleaded demand upon the city before action filed. This ground was not urged below or in the briefs here. Thus it comes too late (*City of San Marino* v. *Roman Catholic Archbishop,* 180 Cal.App.2d 657, 679 [4 Cal.Rptr. 547]). Moreover, plaintiff's first amended complaint did plead such a demand. It is thus apparent that the allegation could readily be supplied here and, even if it were essential, its omission would not warrant the denial of leave to amend. The issues of estoppel, argued in the briefs and on this petition, present questions of fact (see *City of Imperial Beach* v. *Alger,* 200 Cal.App.2d 48, 50 [19 Cal.Rptr. 144]) which cannot be determined on the face of the pleading before us.

Petition for rehearing denied.

---

*Assigned by the Chairman of the Judicial Council.