[Civ. No. 32477. Second Dist., Div. Four. Dec. 12, 1969.]

SOUTHERN CALIFORNIA TITLE CLEARING COMPANY,
Plaintiff and Appellant, v.
HAZEL K. LAWS et al., Defendants and Respondents.

---

---

## COUNSEL

Jacob Forst for Plaintiff and Appellant.

Gregg, Robertson & Garland and Gene E. Gregg for Defendants and Respondents.

---

## OPINION

**FILES, P. J.**—This action was brought by plaintiff Southern California Title Clearing Company, a partnership, for declaratory relief and partition.

Plaintiff is the owner of an undivided five-sixths, and defendant Hazel K. Laws owns the other one-sixth of the fee in a lot which is subject to a community oil and gas lease. Defendant Albert Stevenson has, by assignment, acquired the original lessee's interest.

The purpose of the action is to partition the fee, as between plaintiff and Laws, and to declare the lease terminated upon the alleged ground that oil and gas are no longer being produced in paying quantities. The judgment of the trial court, entered January 12, 1967, declared (a) that plaintiff was entitled to partition against Laws, and (b) the lease is in full force and effect.

On May 3, 1967, there was entered an "interlocutory judgment directing sale of real property and appointment of referee."

On March 8, 1967, plaintiff filed a notice of appeal whereby it appealed from the whole of the judgment "entered January 9th, 1967," and from the order made on February 28, 1967, denying plaintiff's motion to vacate the judgment under Code of Civil Procedure section 663.

We deem this a valid appeal from the January 12, 1967, judgment and from the February 28, 1967, order.

On May 22, 1967, plaintiff filed a second notice of appeal from the judgment "entered January 9th, 1967," and from the judgment "entered May 3d, 1967."

We deem this a valid appeal from the May 3, 1967, judgment.

Laws has not appealed, and has not submitted a brief.

Plaintiff's brief on appeal seeks a reversal of the judgment in favor of the lessee, and a modification of the judgments relating to partition. The two aspects of the case will be discussed separately.

### Concerning the Lease

On January 22, 1937, the predecessor of the defendant-lessee entered into a community oil and gas lease with the owners of 13 lots in block B of tract 586 in Los Angeles County. This lease, known as the 586-B community area lease, was recorded on July 13, 1937. Separate counter-parts, identical in language, were executed by the respective lessors and the original lessee. These instruments provide that all 13 "shall be construed together and shall constitute one community lease." Plaintiff is a coowner of only 1 of the 13 lots. The owners of the other 12 lots have not been named as parties, and have not appeared in the action.

Code of Civil Procedure section 389 provides: "A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties.

" . . . . . . . . . . . . . . . . . . . .

"When it appears that an indispensable party has not been joined, the court shall order the party asserting the cause of action to which he is indispensable to bring him in."

The answer and pretrial statement of the defendant Stevenson called attention to the absence of the owners of the other lots, but it does not appear that the trial court took any action concerning the omission. Stevenson, now having prevailed in the trial court on the merits, is understandably reluctant to press the point here, but the question is necessarily before this court. (See *Hartman Ranch Co.* v. *Associated Oil Co.* (1937) 10 Cal.2d 232, 262-265 [73 P.2d 1163].) This is so even though the trial court has determined the merits adversely to plaintiff. (*Irwin* v. *City of Manhattan Beach* (1964) 227 Cal.App.2d 634 [38 Cal.Rptr. 875].)

The absence of an indispensable party deprives the court of jurisdiction over the subject matter. (*Beyerbach* v. *Juno Oil Co.* (1954) 42 Cal.2d 11, 27-28 [265 P.2d 1]; *California Water Service Co.* v. *Edward Sidebotham & Son, Inc.* (1964) 224 Cal.App.2d 715, 730 [37 Cal.Rptr. 1]; *U-Tex Oil Co.* v. *Pauley* (1962) 209 Cal.App.2d 88, 94 [25 Cal.Rptr. 790]; 1 Witkin, Cal. Procedure (1954) Jurisdiction, § 46, p. 317.)

The 586-B community oil lease provides in clause 19: "The Lessors

hereto pool the oil and gas rights appurtenant to and forming part of their respective properties for the period of this lease and irrespective of any quitclaim by the Lessee hereunder of a part of the demised premises all owners of property forming a part of the hereby demised premises at the time of the discovery of oil or gas shall thereafter share pro rata in a 1/6 royalty on all oil and gas thereafter produced from *any of the property forming a part of this lease* at the time of such first discovery of oil and/or gas." (Italics added.)

In *Tanner* v. *Title Ins. & Trust Co.* (1942) 20 Cal.2d 814, 820 [129 P.2d 383], the Supreme Court explained the effect of a community lease in these terms: "By executing the community lease, the respondents [owners of two lots] and each of the other lessors assigned or conveyed to his colessors a percentage interest in all oil produced on his land by the lessee during the continuance of the lease. The consideration for that transfer was the similar mutual assignments of the other lessors. The royalty interest thus transferred by each landowner to his colessors is an incorporeal hereditament in gross . . . and the grantee's interest in the oil produced upon the property of one of the colessors is entirely separate and distinct from the royalty interest retained by him in oil which might be produced from his own premises."

■ Plaintiff in this action is attempting to terminate the lease with regard to one lot only. But such a termination would also affect the owners of the other lots, who are entitled to share the royalties on any oil which might be produced. They are therefore indispensable parties to the cause of action whereby plaintiff seeks a declaration that the lease is terminated. (See *Hardie* v. *Yuen* (1968) 258 Cal.App.2d 301, 305 [65 Cal.Rptr. 594].) The judgment as between plaintiff and defendant Stevenson must be reversed. Upon remand, the superior court must order plaintiff to bring in the owners of the other lots before proceeding with a retrial.

### Concerning the Partition

■ The interlocutory judgment of partition rendered against defendant Laws affects only the fee interest in the lot involved, and the judgment expressly states the oil lease to be unaffected. Thus, the other colessors are not affected by this part of the judgment and it may stand despite the defect in the judgment against Stevenson.

■ With respect to the portion of the January 12 judgment which determines that the fee should be partitioned between plaintiff and Laws, and with respect to the May 3 judgment which directs the sale of the property, plaintiff's brief raises only one point, that is, that "plaintiff is entitled to costs, fees, etc." Such costs and fees as plaintiff may be entitled to

recover, if any, should be determined when the final decree of partition is made. The interlocutory decree, which directs the sale, is not the place for such an award. (*Harrington* v. *Goldsmith* (1902) 136 Cal. 168 [68 P. 594].)

■ The interlocutory judgment does contain language directing that the proceeds of the sale, after payment of costs of sale, shall be divided five-sixths to plaintiff and one-sixth to defendant Laws. We interpret this to be no more than a declaration of the respective interests of the parties in the property. That judgment does not preclude such apportionment of costs and counsel's fees as may be appropriate under Civil Code section 796 as a part of the final judgment.

■ Plaintiff's brief does not discuss its appeal from the order denying its motion to vacate the judgment. We therefore deem that part of the appeal abandoned.

The judgment entered January 12, 1967, is affirmed only insofar as it determines issues between plaintiff and defendant Laws. In other respects the judgment entered January 12, 1967, is reversed. The interlocutory judgment entered May 3, 1967, is affirmed. The appeal from the order of February 28, 1967, is dismissed.

Respondents shall recover costs on this appeal.

Kingsley, J., and Dunn, J., concurred.