[Civ. No. 28760. First Dist., Div. One. Nov. 15, 1971.]

LINO COVARRUBIAS et al., Plaintiffs and Appellants, v.
RONALD JAMES et al., Defendants and Respondents.

## COUNSEL

Stephen Manley, Grace M. Kubota, Gary Schwartz, Edward Newman and Robert S. Dresser for Plaintiffs and Appellants.

Ferdinand P. Palla, City Attorney, and Richard K. Karren, Assistant City Attorney, and John McBride for Defendants and Respondents.

## OPINION

**ELKINGTON, J.**—Plaintiffs appeal from judgments of dismissal entered in their taxpayers' action, following an order sustaining general and special demurrers to an amended complaint (hereafter the complaint) without leave to amend. Other purported appeals taken from nonappealable orders sustaining such demurrers without leave to amend will be dismissed. (See *Beazell* v. *Schrader,* 205 Cal.App.2d 673, 674 [23 Cal.Rptr. 189].)

The defendants consisted of the City of San Jose and certain public agencies and officials, all alleged to be "charged with the affirmative responsibility in undertaking community redevelopment projects to provide equal opportunities to all persons and not engage in or participate in discrimination because of race, color, religion, national origin or ancestry."

The complaint was in two counts. The first count alleged: that defendants were engaged in the construction of a public community theater known as the Community Theater Project (hereafter project); that construction of the project would engage the services of skilled union craftsmen of many trades; that defendants had employed a general contractor who had hired or would hire, subcontractors who have exclusive hiring agreements with

the several building trade unions involved; and that such unions "have historically and are presently engaged in a continued pattern of discrimination against Mexican-Americans, Negroes and other minority persons," with the knowledge of defendants.

The second stated cause of action alleged: that certain of the defendants do, or will in the future, engage in other public construction projects which will employ the same skilled craftsmen of the same unions; that such unions in the County of Santa Clara "have a disproportionately low number of minority-groups persons as apprentices and/or journeymen compared to the total number of minority-group persons" therein; and that the City of San Jose "has failed to take any effective steps, or to adopt and implement any affirmative program, to correct the deficiency in the number of minority-group persons" who reside in San Jose and Santa Clara County.

Neither the contractor of the project, nor any contractor, nor subcontractor, nor union, was joined as a defendant in the action.

Prayed for was a permanent injunction enjoining defendants "from further expenditures of public monies to contractors on the Community Theater Project . . . and any other public projects where racial discrimination is involved in the hiring practices," and "so long as minority group persons are denied equal employment opportunities in the skilled construction trades in such projects."

Plaintiffs' action was commenced under the asserted authority of Code of Civil Procedure section 526a, which authorizes an action by a taxpayer to obtain a judgment restraining "any illegal expenditure" of public funds.

The theory of action was: (1) that defendants' participation in the project constituted "state action," discriminatory against minority groups, and violative of the due process and equal protection clauses of the Fourteenth Amendment, and (2) that expenditure of public funds on the project by defendants was therefore illegal.

■ One of the grounds upon which defendants' general demurrer was sustained was that the general contractor, subcontractors, and construction trades unions whose practices were challenged, were indispensable parties to the action. We shall first consider whether this determination of the trial court was correct.

Code of Civil Procedure section 389, as relevant here, provides: "*A person is an indispensable party* to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or *if his interest would be*

*inequitably affected or jeopardized by a judgment rendered between the parties.*" (Italics added.)

California appellate courts, on the same subject, have consistently held that where a plaintiff seeks some "type of affirmative relief which, if granted, would injure or affect the interests of a third person not joined, that third person is an indispensable party. . . ." (*Bank of California* v. *Superior Court,* 16 Cal.2d 516, 522 [106 P.2d 879]; see also *Irwin* v. *City of Manhattan Beach,* 227 Cal.App.2d 634, 637 [38 Cal.Rptr. 875]; *Peabody Seating Co.* v. *Superior Court,* 202 Cal.App.2d 537, 543 [20 Cal. Rptr. 792]; *Thomson* v. *Talbert Drainage Dist.,* 168 Cal.App.2d 687, 689 [336 P.2d 174].)

As pointed out, the object of plaintiffs' action was to enjoin defendant public entities and officials from disbursing public funds on the Community Theater Project and other projects. If the action were to be successful, the following consequences would necessarily flow to third persons not joined in the action.

The general contractor, who by contract is bound to build the project and is to be paid therefor, would find his contract abrogated, and he would be denied any payment, even for work already done.

The project's subcontractors would in effect have any existing contracts with the general contractor nullified, and be denied their right to offer bids on the project or future municipal projects. They also would be denied payment for work, if any, already done on the project. And, finally, a judgment determining their "exclusive hiring agreements" with the concerned construction trades unions to be invalid, would be entered.

The construction trades unions would find their collective bargaining agreements annulled insofar as they relate to public projects of the City of San Jose. And a judicial determination would have been made that the unions had in fact discriminated against "minority group persons."

It needs no elaboration to discern that the interests of these nonparties to plaintiffs' action "would be inequitably affected or jeopardized by a judgment rendered between the parties." (See Code Civ. Proc., § 389.) The contractor, and the anonymously mentioned subcontractors and construction trades unions alluded to in plaintiffs' complaint were, and are, indispensable parties to plaintiffs' action.

In a somewhat comparable factual context a similar conclusion was reached in *Irwin* v. *City of Manhattan Beach, supra,* 227 Cal.App.2d 634. There a "taxpayer's action," prosecuted only against the city and certain of

its officials, sought to have declared void, a contract between the city and certain private parties for construction of an "across the street" overpass between two buildings. The court found the private parties to be indispensable parties, stating (pp. 636-637): "If plaintiff should receive judgment against the defendants who are before the court for the relief she seeks it would be the duty of the city to cause the structure to be removed; the rights of the permittees under the contract would be annulled and their property would be taken from them by force of a judgment to which they were strangers."

The failure to bring "indispensable parties" before the court is jurisdictional; without them the court is powerless to proceed further. (*Bank of California* v. *Superior Court, supra,* 16 Cal.2d 516, 522; *Southern Cal. Title Clearing Co.* v. *Laws,* 2 Cal.App.3d 586, 589 [83 Cal. Rptr. 8]; *Estate of Reed,* 259 Cal.App.2d 14, 22 [66 Cal.Rptr. 193].) The requirement is mandatory. (*Hartman Ranch Co.* v. *Associated Oil Co.,* 10 Cal.2d 232, 265 [73 P.2d 1163].) And the objection that indispensable parties are not before the court may be raised at any time, by demurrer or even for the first time on appeal. (*Peerless Ins. Co.* v. *Superior Court,* 6 Cal.App.3d 358, 361 [85 Cal.Rptr. 679]; *Guerra* v. *Packard,* 236 Cal.App.2d 272, 294 [46 Cal.Rptr. 25].)

Code of Civil Procedure section 389, as relevant at this point, provides: "When it appears that an indispensable party has not been joined, the court shall order the party asserting the cause of action to which he is indispensable to bring him in. If he is not then brought in, the court shall dismiss without prejudice all causes of action as to which such party is indispensable and may, in addition, dismiss without prejudice any cause of action asserted by a party whose failure to comply with the court's order is wilful or negligent." (See also *Irwin* v. *City of Manhattan Beach, supra,* 227 Cal.App.2d 634, 638.) Plaintiffs insist that the sustaining of the demurrer should not have been followed by dismissal of the action, but instead as required by section 389 and *Irwin* v. *City of Manhattan Beach, supra,* they should have been given an opportunity to bring in such parties.

We observe plaintiffs' representations to the court relating to the claimed "indispensable parties," at the time of the hearing on the demurrer. They said that the identity of many of such parties "are not yet ascertained," that it would be extremely difficult and burdensome "if not impossible" to determine the construction trades unions involved, and that "if we were required to bring in every union . . . we couldn't ascertain them." Even in their briefs on this appeal we are told "Many of the suggested [indispensable] parties are not yet even ascertained" and that if required to join such

parties in the action "plaintiffs would effectively be prohibited from pursuing it."

In the face of plaintiffs' declared inability to bring in, or even ascertain, the indispensable parties, the trial court was under no duty to perform the idle act of ordering them brought in.

 No merit is seen in plaintiffs' contention that in a taxpayer's action brought under Code of Civil Procedure section 526a, they "had no standing" to bring in such parties, even though indispensable. It is the general rule that "all persons interested in a suit ought to be parties to it, . . ." (*Reed* v. *Wing,* 168 Cal. 706, 708 [144 P. 964].) Code of Civil Procedure section 379 provides that "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff. . . ." Those rules apply to taxpayers' actions. (See *Reed* v. *Wing, supra*; *Irwin* v. *City of Manhattan Beach, supra,* 227 Cal.App.2d 634.)

Plaintiffs' argument that there is no risk that the City of San Jose might be subjected to liability to the general contractor and subcontractors since the "city would be excused from liability for breach of a contract whose performance is made impossible by operation of law," is irrelevant and unpersuasive. The rules relating to indispensable parties have their origin in the law's regard that equity and fair play be accorded persons whose interests would otherwise be jeopardized by a judgment obtained in their absence. Indeed, at least in the case at bench, the rules seem required by the constitutional mandates (1) that no one be deprived of property without due process of law (U.S. Const., 6th and 14th Amends.; Cal. Const., art I, § 13; and see *McClure* v. *Donovan,* 33 Cal.2d 717, 725 [205 P.2d 17]), and (2) that "No . . . law impairing the obligation of contracts shall ever be passed." (Cal. Const., art. I, § 16; and see U.S. Const., art. I, § 10, par. 1.)

Finally, plaintiffs point to the case of *Ethridge* v. *Rhodes,* 268 F.Supp. 83, concerning a class action for an injunction directed only against certain state officials. The officials were enjoined from entering into building construction contracts with "any persons who are bound by any agreement, or otherwise, to secure their labor force exclusively or primarily from any organization or source that does not supply or refer laborers and craftsmen without regard to race, color, or membership in a labor union; . . ." (P. 89.) It is noted that in *Ethridge* v. *Rhodes, supra,* no issue of "indispensable parties" was raised or considered or resolved; under well-known appellate principles the case is "not authority for propositions not considered." (*Fricker* v. *Uddo & Taormina Co.,* 48 Cal.2d 696, 701 [312 P.2d 1085]; *Fairchild* v. *Adams,* 170 Cal.App.2d 10, 15 [338 P.2d 191].) The *Eth-*

*ridge* v. *Rhodes* court carefully avoided adjudicating the interests of parties not before it, while here such an adjudication is essential to the only relief sought by plaintiffs. The district court's ruling went no further than to direct the subject state officials to desist from contracting with persons involved in unlawful and discriminatory labor practices or agreements.

From the foregoing it appears that the orders sustaining defendants' general demurrers to the amended complaint, and the ensuing judgment of dismissal, were without error.

It becomes unnecessary to resolve the remaining contentions of the parties to this appeal.

The judgments of dismissal are affirmed. The purported appeals from orders sustaining defendants' demurrers without leave to amend are dismissed.

Molinari, P. J., and Sims, J.. concurred.