[Civ. No. 17907. First Dist., Div. One. Feb. 4, 1959.]

E. A. TALIAFERRO, Appellant, v. MARGARET M. RIDDLE et al., Defendants; VALENTINE K. HARTMAN et al., Respondents.

*Assigned by Chairman of Judicial Council.

E. A. Taliaferro, in pro. per., for Appellant.

Royal E. Handlos for Respondents.

WOOD (Fred B.), J.—Plaintiff appeals from an order of April 1, 1957, which quashed service of an alias summons and amended complaint upon defendants Valentine K. and Elsie M. Hartman. These defendants had been served on March 9 and March 28, 1957, pursuant to an order of June 18, 1954, which directed the joining of the Hartmans as necessary parties defendant.

The notice of motion specified two grounds only: (1) On June 14, 1954, an order was made dismissing this action as to the Hartmans, and (2) they were not served within three years after the commencement of the action.

Neither of these grounds furnishes legal support for the order appealed from.

The dismissal of June 14, 1954, was made pursuant to the mandate of section 581a of the Code of Civil Procedure which requires service of summons within three years after the commencement of the action.* The original complaint was filed on June 21, 1950. The Hartmans were served in May of 1954. That order of dismissal decided nothing on the merits and was not res judicata on the question whether the Hartmans are necessary parties. (*Gonsalves* v. *Bank of America*, 16 Cal.2d 169, 172-173 [105 P.2d 118].) It had the procedural effect of making them strangers to the action, so that when later they were ordered joined and were named as defendants in the amended complaint filed pursuant to that order, they came in as new parties and the action commenced anew as to them.

Section 581a does not prevent the bringing of a new action against a dismissed defendant by filing a new complaint against him. We see no reason why a plaintiff can not do the same, in legal effect, by suitably amending his complaint in the original action upon obtaining leave of court therefor. The reason for such a rule is especially cogent when, as here, the court directed that the new parties be joined as "necessary" parties. The provisions and purposes of section 389 of the Code of Civil Procedure, which sanctions and in some cases requires the bringing in of new parties, would frequently be completely thwarted if the one-year and the three-year limitation periods of section 581a were to commence on the day of the filing of the original complaint when a new party is brought in.

It is already established that for the purpose of computing the running of a statute of limitations when a new party is brought into an action, the action commences as to him when an appropriate amended or supplemental complaint is filed. (*Jackson* v. *Lacy*, 37 Cal.App.2d 551, 558 [100 P.2d

---

*Plaintiff makes an ineffectual collateral attack upon the dismissal order of 1954. It was not appealed from and long since became final. The record supports the order upon the theory that the Hartmans were served as fictitiously named defendants. As such they were defendants from the beginning and thus entitled to invoke the mandates of section 581a. (See *Brock* v. *Fouchy*, 76 Cal.App.2d 363 [172 P.2d 945]; dismissal, upon motion of a fictitiously named defendant, for failure to issue the original summons within one year.)

An affidavit asserting that the judge who made the 1954 dismissal order was disqualified to act because of bias and prejudice, was filed on the day the order was made, but the record does not show whether the filing preceded the order, and the order recites that no one appeared in opposition to the motion for dismissal. This is an insufficient basis for a collateral attack upon the order.

313]; *Jeffers* v. *Cook,* 58 Cal. 147, 150 (supplemental complaint); *Spaulding* v. *Howard,* 121 Cal. 194, 198 [53 P. 563] (supplemental complaint, but cause of action had accrued before filing of the original complaint); *John Bollman Co.* v. *S. Bachman & Co.,* 16 Cal.App. 589, 591 [117 P. 690, 122 P. 835] (amended complaint).) The same principle applies with equal logic to the computation of time ''after the commencement of . . . [the] action'' under section 581a when a new party is brought in.

It appears that the amended complaint for joinder of the Hartmans was filed June 24, 1954. That marks the date of commencement of the action anew as to the Hartmans. It follows that service of the alias summons and amended complaint in March of 1957 was within three years of the second commencement of the action as to them.

Accordingly, we hold that neither of the grounds specified in the notice of motion to quash supports the order appealed from. No other ground for that order is available. A notice of motion, other than for a new trial, ''must state . . . the grounds upon which it will be made.'' (Code Civ. Proc., § 1010.) Only such grounds as are specified may be considered. (*Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405]; *Castagnoli* v. *Castagnoli,* 124 Cal.App.2d 39, 41 [268 P.2d 37]; *Hernandez* v. *National Dairy Products Co.,* 126 Cal.App.2d 490, 493 [272 P.2d 799]; and cases cited in each), in the absence of any element of waiver by the opposite party. No such element appears in the record before us.

It does appear that an alias summons which named the Hartmans as defendants and was used in effecting service upon them in March of 1957, was issued on March 8, 1957, more than one year after June 24, 1954, when the action was commenced anew as to them. This suggests the possibility of a failure of the plaintiff to meet the one-year requirement of section 581a and a consequent duty upon the part of the trial court to dismiss the action as to the Hartmans. However, that question was not before the trial court nor is it before us upon this appeal. Its subject matter was not indicated in the notice of motion to quash. Plaintiff would be entitled to an opportunity to explain the seemingly undue delay. For example, a stipulation extending time may have been filed.

The order appealed from is reversed.

Peters, P. J., and Bray, J., concurred.