[Civ. No. 21627. First Dist., Div. Two. Oct. 19, 1964.]

PAUL F. PERATI, Plaintiff and Appellant, v. BENNIE ATKINSON et al., Defendants and Respondents.

Paul F. Perati, in pro. per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Leonard M. Sperry, Jr., Deputy Attorney General, for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiff Paul Perati appeals from a judgment dismissing an action as against defendants Bennie

Atkinson, John Fisher, Robert Gray, Robert Ash, Emery Olson, and Ford Chatters.

On November 6, 1959, appellant filed his complaint for damages naming as defendants the above named respondents, as well as one Oreste Guilliani and 20 John Does. Summons was issued on the same day. On November 10, 1960, appellant filed a "First Amended and Supplemental Complaint for Damages," which differed from the original only in that it named one Charles Navarro as an additional defendant. Navarro was duly served with process, and, on February 3, 1961, demurred to the complaint. Upon the sustaining of the demurrer with leave to amend, appellant filed another "First Amended Complaint" on March 27, 1961, and, on the same day, had new summons issued thereon. (*Perati* v. *Atkinson* (1963) 213 Cal.App.2d 472 [28 Cal.Rptr. 898].) Navarro's demurrer to this third complaint was sustained without leave to amend on May 29, 1961, and the judgment of dismissal was affirmed on appeal. (*Perati* v. *Atkinson, supra.*)

On November 27, 1962, respondents moved for dismissal of the action, pursuant to Code of Civil Procedure, section 581a, on the ground that return of summons had not been made as to any of the respondents within three years of the commencement of the action. Appellant filed opposition to the motion, admitting the filing of the complaint and the issuance of summons on November 6, 1959, but alleging that the issuance of new summons on March 27, 1961, had "superseded" the earlier summons. The court granted respondents' motion and, on December 14, 1962, entered judgment of dismissal in their favor.

Appellant now contends that the trial court erred in dismissing the action because the three-year period during which return of summons was required to be made commenced running on March 27, 1961, when appellant filed his third complaint, and not on November 6, 1959, when he filed the original complaint. Appellant supports this argument by citing various authorities to the effect that an original complaint is superseded by an amended complaint, no longer functions as a pleading, and cannot be looked to for issues to be tried. (See *Meyer* v. *State Board of Equalization* (1954) 42 Cal.2d 376, 384-385 [267 P.2d 257]; *Puchta* v. *Rothman* (1950) 99 Cal.App.2d 285, 291 [221 P.2d 744].) None of the cases relied upon are of any assistance whatever in resolving the issue raised by this appeal.

Code of Civil Procedure, section 581a, provides for the

mandatory dismissal of an action (except under circumstances not here present) "unless the summons shall be served and return thereon made within three years after the commencement of said action." Pursuant to Code of Civil Procedure, section 405, "Civil actions in the courts of this state are commenced by filing a complaint." In order to sustain appellant's position, it would be necessary to construe the word "complaint," as used in Code of Civil Procedure, section 405, to mean "last amended complaint" and to hold that an action is not commenced, within the meaning of Code of Civil Procedure, section 581a, until such time as the plaintiff files his amended pleading. Such an interpretation would not only contravene the plain meaning of both statutes, but, by enabling a party to keep an action alive indefinitely, would utterly defeat the purpose of section 581a to encourage promptness in the prosecution and disposition of actions. (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489]; *Schultz* v. *Schultz* (1945) 70 Cal.App.2d 293, 297 [161 P.2d 36].)

Neither of the parties has cited any decision directly holding that an action is commenced, under Code of Civil Procedure, section 581a, when the plaintiff files the original complaint and that the filing of an amended complaint does not extend the three-year period within which return of summons must be made. However, research discloses numerous decisions construing Code of Civil Procedure, section 583, a related statute having the same general object of enforcing reasonable diligence in the prosecution of actions. (*Steinbauer* v. *Bondesen* (1932) 125 Cal.App. 419, 423 [14 P.2d 106].) Section 583 provides in relevant part for the discretionary dismissal of an action not brought to trial within two years after it is filed, and for the mandatory dismissal of an action not brought to trial within five years after it is filed. It is now settled under a long line of decisions that the two-year and five-year periods commence running upon the filing of the original complaint and that such periods are not extended by the filing of an amended or supplementary complaint. (*Rosefield Packing Co.* v. *Superior Court* (1935) 4 Cal.2d 120, 124-125 [47 P.2d 716]; *Smith* v. *Wiget* (1946) 75 Cal.App.2d 591, 593 [171 P.2d 563]; *Douglas* v. *Superior Court* (1949) 94 Cal.App.2d 395 [210 P.2d 853]; *De Roode* v. *County of Placer* (1952) 112 Cal.App.2d 859, 861-863 [247 P.2d 390]; *Anderson* v. *City of San Diego* (1953) 118 Cal. App.2d 726, 731 [258 P.2d 842].)

It would clearly be anomalous to hold that "an action is filed," under Code of Civil Procedure, section 583, when the original complaint is filed, but that "an action is commenced," under Code of Civil Procedure, section 581a, only when the last amended complaint is filed. We are persuaded by the decisions construing Code of Civil Procedure, section 583, that the reasoning therein is equally applicable to the instant appeal, and that the judgment of dismissal must be affirmed.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.