[Civ. No. 31663.    Second Dist., Div. Three.    Aug. 16, 1967.]

MONROVIA HOSPITAL COMPANY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ROY L. PATTERSON et al., Real Parties in Interest.

Martineau & Knudson, Glenn B. Martineau and Gerald R. Knudson, Jr., for Petitioner.

No appearance for Respondent.

Faith, Weiss & Holland, Ernest J. Gekas, Boller, Suttner & Boller and Gino J. Bruno for Real Parties in Interest.

MOSS, J.—Petitioner Monrovia Hospital Company ("Monrovia") seeks a writ of mandate to compel the respondent Superior Court of Los Angeles to enter an order granting

petitioner's motion to quash service of summons or, alternatively, a writ of prohibition to restrain respondent court from taking any further proceedings or making any further orders affecting petitioner in the pending civil action hereinafter described.

On January 4, 1963, the plaintiffs (shareholders in Monrovia and real parties in interest) commenced an action against Mr. and Mrs. Petrie and Monrovia seeking an order requiring the defendants Petrie to surrender stock certificates of Monrovia obtained in breach of an alleged oral agreement and enjoining defendants Petrie from voting those shares. The plaintiffs also sought an order requiring Monrovia to cancel the stock certificates held by the Petries alleging that Monrovia had not been paid for such stock.

Upon receipt of the complaint in that action, Monrovia filed a notice of motion for an order requiring the plaintiffs to post security. This motion was granted and the plaintiffs were directed to deposit security of $1,000. On April 5, 1963, Monrovia's demurrer to the complaint was sustained with 20 days leave to amend. On April 23, 1963, the plaintiffs elected not to amend and dismissed the action as to petitioner Monrovia and its directors. On May 9, 1963, in the same action, the motion of the defendants Petrie to dismiss the complaint was granted on the ground that dismissal of Monrovia constituted the removal of an indispensable party.

On June 12, 1963, the plaintiffs filed a second action (the present one) naming only the Petries as defendants but setting forth substantially identical allegations to those made in the former action. On September 10, 1963, plaintiffs filed a first amended complaint adding Monrovia as a party defendant. On November 30, 1966, defendants Petrie filed notice of motion to dismiss the complaint against Monrovia pursuant to Code of Civil Procedure section 581a on the ground that the action had been commenced more than three years prior to service, and also for an order of dismissal as to the Petries on the ground that Monrovia was an indispensable party. On December 9, 1966, an order was made granting the motion to dismiss as to Monrovia. Thereafter on December 20, 1966, the court found Monrovia to be an indispensable party under Code of Civil Procedure section 389 and ordered the plaintiffs to make Monrovia a defendant. On December 28, 1966, the same court amended its order of December 20, 1966 to add, "Plaintiffs' motion to amend the 1st Amended Complaint is granted." On January 16, 1967, the plaintiffs filed a second

amended complaint setting forth two causes of action for fraud and breach of an oral agreement and again naming Monrovia as a party defendant. The summons and second amended complaint were served on Monrovia on February 15, 1967, one month after the filing of the second amended complaint, and more than three years after the commencement of the action.

Petitioners assert that the trial court acted in excess of its jurisdiction in ordering petitioner Monrovia to be renamed as a party defendant more than three years after the filing of the complaint where there was no showing of any excuse for delay in service.

Code of Civil Procedure section 581a requires dismissal of a complaint unless the summons shall be served and return thereon made within three years after the commencement of the action. Respondent relies on *Taliaferro* v. *Riddle,* 167 Cal.App.2d 567 [334 P.2d 950], in which the chronology of events was as follows: On June 21, 1950, the original complaint was filed; in May 1954, the Hartmans were served as fictitiously named defendants; on June 14, 1954, an order was made dismissing Hartmans under section 581a; on June 18, 1954, an order was made directing that the Hartmans be joined as necessary parties; on June 24, 1954, an amended complaint was filed joining the Hartmans as named defendants; in March 1957, the Hartmans were served with the amended complaint; on April 1, 1957, an order was made granting the Hartmans' motion to quash service. On appeal the order quashing service was reversed on the theory that the amended complaint filed June 24, 1954, had the same effect under section 581a as if the plaintiff had dismissed its first action and filed a new action. Since the Hartmans were served within three years from the date of filing the amended complaint it was improper to quash service on them of the amended complaint. The court reasoned that the purposes of Code of Civil Procedure section 389 (concerning joinder of necessary parties) would frequently be thwarted if the one-year and three-year limitation periods of section 581a were to commence on the day of filing the original complaint rather than on the day of filing the amended complaint which joins the necessary parties. (See *Dresser* v. *Superior Court,* 231 Cal.App.2d 68, 77 [41 Cal.Rptr. 473].)

We believe that the holding and reasoning of *Taliaferro* v. *Riddle, supra,* 167 Cal.App.2d 567, are applicable here. The

plaintiffs' second amended complaint was filed on January 16, 1967. That marks the date of commencement of the action anew as to Monrovia. It follows that the service of the summons and second amended complaint on February 15, 1967 was within three years of the third commencement of the action as to them.[1]

Petitioner contends that if the holding of *Taliaferro* is applied to this case, the mandatory provisions of Code of Civil Procedure section 581a will be circumvented. It is true that at the time that the plaintiffs commenced this action they knew that Monrovia had been ruled to be an indispensable party by the department of the respondent court before whom the first action was brought. It does not appear from the record in this proceeding or from the file of the respondent court, which we have also reviewed, that petitioner urged upon the trial court the argument that plaintiffs should not have been permitted to amend their first amended complaint because the commencement of the second action and the proceedings which followed constituted trifling with the court. (See *Plum* v. *Forgay Lumber Co.*, 118 Cal.App. 76, 79 [4 P.2d 804].) Had petitioner done so, the court might have refused to allow plaintiffs permission to amend. However, in view of the liberal policy in favor of permitting amendments at any stage of the proceeding, we cannot say that the court abused its discretion in permitting the plaintiff to file a second amended complaint. (See Witkin, Cal. Procedure, Pleading, § 594, p. 1605.)

The alternative writ of mandate is discharged. The petition for writ of prohibition is denied.

Ford, P. J., and McCoy, J. pro tem.,* concurred.

A petition for a rehearing was denied September 6, 1967, and petitioner's application for a hearing by the Supreme Court was denied October 11, 1967.

---

[1]The action was commenced as to Monrovia for the first time on January 4, 1963, when the original action was filed; for the second time on September 10, 1963, when this action was filed; and for the third time on January 16, 1967, when the second amended complaint was filed.

*Assigned by the Chairman of the Judicial Council.