[Civ. No. 10050. Fourth Dist., Div. Two. July 30, 1971.]

ALDRED K. WARREN, JR., as Acting Trustee, etc., et al.,
Plaintiffs and Appellants, v.
ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Pollock, Tappaan, Palmer & Metzler, Pollock & Palmer, John P. Pollock, Samuel A. Keesal, Jr., Gates, Morris, Merrell & Stephens, George E. Stephens, Jr., and J. Randolph Houston for Plaintiffs and Appellants.

John J. Balluff, Robert B. Curtiss, John J. Schimmenti, Niles P. Koines, Charles D. Swanner, John Neil Stanley, Gray, Cary, Ames & Frye, Richard A. Burt, James K. Smith, Rutan & Tucker, Milford W. Dahl, Homer L. McCormick, Jr., Rollin E. Woodbury, Harry W. Sturges, Jr., Lawler, Felix & Hall, Alexis A. Fafenrodt, Alan I. White, Randolph Karr, Richard Colby, Kalmbach, DeMarco, Knapp & Chillingworth, Frank DeMarco, Jr., William A. Kerr, John J. Lauten and John B. Reeve for Defendants and Respondents.

**OPINION**

**KAUFMAN, J.**—Plaintiffs appeal from a number of orders and judgments rendered by the trial court in respect to their third amended and supple-

mental complaint filed November 25, 1968, by leave of the court. The orders and judgments appealed from are as follows:

(1) Judgment of dismissal in favor of defendants The Atchison, Topeka and Santa Fe Railway Company (hereinafter Santa Fe), Southern California Edison Company (hereinafter Edison), and the Pacific Telephone and Telegraph Company (hereinafter Pacific Telephone) following an order sustaining without leave to amend demurrers of these defendants on the ground that the third amended complaint does not state facts sufficient to constitute a cause of action;

(2) Minute orders quashing service of summons on and granting dismissals of defendants The Western Union Telegraph Company, Metromedia, Inc., Standard Gas Company, Southern Pacific Pipe Lines, Inc., San Diego Pipe Lines Company, Southern Counties Gas Company of California, and Standard Oil of California (hereinafter sometimes referred to as miscellaneous defendants); order of dismissal in favor of defendants Southern Pacific Pipe Lines, Inc. and Metromedia, Inc. based upon the order quashing service of summons; and order denying plaintiffs' motions for reconsideration of the order quashing service of summons on and granting dismissal of defendants San Diego Pipe Lines Company and The Western Union Telegraph Company; and

(3) Order granting defendant Santa Fe's motion to strike substantial portions of the third amended and supplemental complaint.

### The Facts

The original complaint in the action was filed on May 17, 1965. Named as plaintiff was Stearns Ranchos Company, a dissolved California corporation. Named as defendants were Santa Fe and Does 1 through 30. The relief sought was quiet title to real property and incidental injunctive relief.

After numerous law and motion proceedings, on September 10, 1968, plaintiffs, now designated as certain named individuals, "the acting trusteees in liquidation of THE STEARNS RANCHOS COMPANY, a dissolved California corporation," filed a notice of motion for leave to file a third amended and supplemental complaint and requesting the addition of parties to the action. Defendant Santa Fe opposed the motion on the ground that plaintiffs were barred by the provisions of section 581a of the Code of Civil Procedure from bringing in additional defendants because the summons could not be issued and served within three years from the filing of the original complaint. On December 2, 1968, the court granted plaintiffs' motion. On December 6, 1968, the pleading was filed and, thereafter, service was effected upon the various defendants.

## The Demurrers

Defendants Santa Fe, Edison and Pacific Telephone filed separate demurrers to the third amended and supplemental complaint and each purported cause of action on numerous grounds, including failure of the entire pleading to state facts sufficient to constitute any cause of action.[1] On March 20, 1969, the demurrers of these three defendants were sustained "without leave to amend on the ground that the Complaint does not state facts sufficient to constitute a cause of action." The judgment of dismissal, having been based upon demurrers attacking the complaint as a whole, can be affirmed only if no count of the complaint states facts sufficient to entitle plaintiffs to relief on any theory. (*California Trust Co.* v. *Cohn,* 214 Cal. 619, 628 [7 P.2d 297]; *Shook* v. *Pearson,* 99 Cal.App. 2d 348, 351 [221 P.2d 757]; see 3 Witkin, Cal. Procedure (2d ed. 1971) p. 2416.)

### The First Cause of Action

The substance of the first cause of action is that plaintiffs are the duly appointed and acting trustees in liquidation of the Stearns Ranchos Company (hereinafter Company), incorporated in California in 1887 and voluntarily dissolved in 1927 by decree of the San Francisco Superior Court which distributed its assets to the trustees in liquidation. On July 5, 1888, Company, the then owner of fee title, granted to California Central Railway Company a right-of-way for railway purposes upon certain real property situated partially in the County of Orange and partially in the County of Los Angeles by virtue of a deed, a copy of which was attached and incorporated as Exhibit "A" (hereinafter the right-of-way deed). Defendant Santa Fe has succeeded to the rights under said deed of California Central Railway Company. Plaintiffs are the owners of the underlying fee interest of all of the real property described in said deed except a specified portion in the northwest quarter of section 23, subject only to the right-of-way described in the deed. In addition, as to portions of the right-of-way, Santa Fe has abandoned by making and permitting others to make uses "other than and in addition to those for which the right-of-way was granted." As to these portions, plaintiffs are the owners in fee of the property free and clear of the right-of-way or any other claim of Santa Fe because Santa

---

[1]The first ground of demurrer asserted by both Edison and Pacific Telephone reads: "The complaint fails to state facts sufficient to constitute a cause of action." The second ground asserted by each of these defendants reads: "The complaint fails to state facts sufficient to constitute a cause of action against defendant [name of the individual defendant]." The first ground of demurrer asserted by Sante Fe reads: "Said Third Amended and Supplemental Complaint, and each cause of action therein stated, does not state facts sufficient to constitute a cause of action or causes of action against this demurring defendant."

Fe "has ceased to occupy and use such portion of said real property for the purpose of maintaining and operating a railway." Santa Fe "claims some right, title and interest in and to said real property greater than the right-of-way for the specific purposes specified in said deed." Some 115 allegedly unauthorized uses permitted by Santa Fe and made by defendants Edison, Pacific Telephone, the miscellaneous defendants and other named public and private entities are specified.[2]

By its language, the right-of-way deed purports to grant "a right-of-way for railway purposes and for no other purposes, 100 feet in width, for . . . main tracks, side tracks, switches, and all uses necessary and incident to railroad construction, maintainance [sic; underscore in the original] and operation, over and upon the following premises. . . ." The deed also provides:

"The said Railway Company its successors and assigns shall permit said right of way to be intersected and crossed by roads, streets, highways, public and private ditches and flumes, at the places and in the manner which may be designated by the grantor, its successors or assigns, but in such manner as shall not interfere with the regular and proper operation of said railroad further than is necessary.

"To Have and to Hold the same unto said California Central Railway Company, its successors and assigns, until said right of way shall cease to be occupied for the purpose of maintaining and operating a railway. And if said right of way shall cease to be so occupied and used, it shall thereupon revert to said grantor, its successors or assigns.

"The said Railway Company, in part consideration of the foregoing, agrees to establish a station at which all regular trains shall stop, at a point as above designated within the limits of said Section 26 T 3 S. R 11 W. after the completion over it of the said railroad and within three months after written demand therefor upon the grantee, its successors or assigns, by this grantor successors or assigns.

"This deed is on the further condition that said Railway Company, its successors or assigns shall, within two years from the date hereof, construct operate and thereafter maintain a railroad upon and along the herein described right of way."

---

[2]Notwithstanding the enumeration of these uses by named entities, the heading designating the first cause of action indicates that it is directed against defendant Sante Fe only.

*The Second Cause of Action*

The allegations of the second cause of action[3] are very similar to those of the first except that in the second it is alleged that in 1888 the Company granted to California Central Railway a certain parcel of real property presently situated in the County of Orange to use for depot purposes and such other uses as are incident to railway operations by virtue of a deed, a copy of which was attached and incorporated as Exhibit "B" (hereinafter the depot deed). This deed by its language grants "a strip of land to use for depot purposes including side tracks, warehouses, and such other uses as are incident to railway operation. . . ." Said deed additionally provides:

"This conveyance is made upon the express conditions following to wit:

". . . . . . . . . . . . . . .

"The said Railway Company its Successors and Assigns shall within three months of the completion of the railway aforesaid, establish a Station on the line of the right of way heretofore granted and hereinbefore referred to . . . and shall thereafter for all time to come cause all regular trains to stop at such Stations.

"Said Railway Company its successors or assigns shall permit the lands hereby granted to be intersected and crossed by roads, streets, highways, public and private ditches and flumes, at the places, and in the manner which may be designated by the grantor its successors or assigns and in such manner as shall not interfere with their regular and proper operation of said railroad further than is necessary.

"Said Railway Company its successors or assigns shall within six months, after receiving notice in writing from the grantor to do so, construct and thereafter maintain a good and sufficient fence on the north line of the property first hereinbefore granted, and on the south line of the property secondly hereinbefore granted, together with all necessary crossings or cattle guards.

"On noncompliance with any of said conditions the property hereby granted shall revert to the grantor.

"To Have and to Hold said above granted property subject to the provisions aforesaid unto the said California Central Railway Company until the said property granted shall cease to be occupied and used for some of the purposes first herein designated and no longer."

Plaintiffs' interest in this property is alleged alternatively on two bases.

---

[3]The heading designating the second cause of action indicates that it, like the first, is directed only against Santa Fe.

First, it is alleged that Santa Fe has ceased to use the real property for the purposes and in accordance with the conditions specified in the deed; that Santa Fe does not now maintain a depot upon the real property and does not cause all regular trains to stop at said location and has not constructed or maintained a good and sufficient fence on the north or south line of the real property; that Santa Fe has permitted and is permitting the use by others of portions of said real property for purposes other than depot purposes or uses incident to railway operations, 14 of which alleged uses by named private and public entities are set forth. By virtue of the foregoing either a reversion or right of reentry has occurred in which latter event, plaintiffs by the filing of this complaint have exercised their right of reentry. By virtue of the foregoing, plaintiffs are the owners of said property in fee simple absolute. Alternatively, it is alleged that the deed granted only an easement for depot and railway purposes, and plaintiffs are the owners of the property in fee subject only to the easement. Santa Fe claims some right, title or interest in or to said real property, and said claim is without right.

*The Third through Forty-third counts*

The third through forty-third counts each alleges that defendant Santa Fe and a named other defendant are making a specified use of a portion of the property unauthorized by the pertinent deed and each seeks, therefor, damages and injunctive relief, or in the event such use is determined to be by a public entity for the public convenience or necessity, damages in inverse condemnation.

*Discussion*

Plaintiffs contend that, at the very least, the first and second counts state facts sufficient to entitle them to a determination of their interests in the real property described in the right-of-way and depot deeds pursuant to section 738 of the Code of Civil Procedure. We agree.

Section 738 provides: "An action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim. . . ." Fundamentally, except where the plaintiff's interest is based upon fraud, a complaint is sufficient if it alleges an interest of plaintiff in the property and that the defendant asserts a claim concerning the property adverse to the plaintiff's interest. (Code Civ. Proc., § 738, *supra; Hyatt* v. *Colkins,* 174 Cal. 580, 581-582 [163 P. 1007]; 3 Witkin, Cal. Procedure (2d ed. 1971) pp. 2176-2177.) The nature of the defendant's claim need not be specifically alleged (*Castro* v. *Barry,* 79 Cal. 443, 447 [21 P. 946]), nor

is it necessary to allege the invalidity of the defendant's claim (*Hyatt* v. *Colkins, supra.* See also 3 Witkin, Cal. Procedure (2d ed. 1971) p. 2181). ▮ A right of reentry upon breach of a condition subsequent is a sufficient interest to support maintenance of the action. (*Thornton* v. *Middletown E. Corp.,* 21 Cal.App.2d 707, 710 [70 P.2d 234].) ▮ So is ownership of a fee subject to a servitude. (*Peterson* v. *Gibbs,* 147 Cal. 1, 5-6 [81 P. 121].)

While basically acknowledging these rules, defendants urge that plaintiffs have pleaded themselves out of court. They argue that plaintiffs have specifically pleaded the right-of-way and depot deeds and have specifically pleaded the various uses claimed to be unauthorized and claimed as the basis for plaintiffs' interest in the property: either the reversion of the fee or a right of reentry. They further contend that none of the specific uses alleged are sufficient to create such a forfeiture. Thus, argue defendants, plaintiffs' allegations disclose that, despite their general allegations to the contrary, they have no interest in the property and have stated no cause of action for quiet title. (See, e.g., *Lucas* v. *Sweet,* 47 Cal.2d 20, 22 [300 P.2d 828]; *Stafford* v. *Ballinger,* 199 Cal.App.2d 289, 292 [18 Cal.Rptr. 568].) These arguments misapprehend plaintiffs' allegations and misconceive the law applicable thereto.

The nature, extent and duration of the uses and whether they are uses authorized under the deeds are matters of fact which are more appropriately determined from evidence, or at least detailed declarations in motions for partial summary judgments, rather than allegations in a pleading, especially in view of the possible applicability of the doctrine of partial reversion or extinguishment. (Cf. *Tamalpais etc. Co.* v. *N. W. Pac. R. R. Co.,* 73 Cal.App.2d 917, 927-932 [167 P.2d 825].) However, even if it could be said as a matter of law that the uses alleged by plaintiffs resulted in no reversion or right of reentry, plaintiffs would nevertheless be entitled to relief under Code of Civil Procedure section 738, for their claim of interest in the property is not limited to a right of reentry or fee by reversion. In the first cause of action plaintiffs allege positively that they are the owners of the fee subject only to Santa Fe's right-of-way, that is, that the right-of-way deed conveyed only an easement. Similarly, in the second cause of action plaintiffs specifically allege as one alternative that the depot deed granted only an easement and that plaintiffs are the owners of the property in fee subject only to the easement. ▮ The owner of a fee interest in real property that is subject to a servitude is entitled in an action brought pursuant to section 738 of the Code of Civil Procedure to have the extent and burdens of the servitude defined and determined. (*Peterson* v. *Gibbs, supra,* 147 Cal. at pp. 5-6.) While the *Peterson* case involved an appeal from a nonsuit, the pronouncements of the court are apposite:

"Even if it be conceded that the case shows all that is claimed for it by defendants, we are of the opinion that the motion for a nonsuit was improperly granted. At most the plaintiff had simply failed to establish that his land was free of all valid claim on the part of defendants. He had, however, clearly shown that he was the owner in fee of the land, subject only to the interest held by defendants. . . . Although he had not come up to the full measure of the allegations of his complaint as to the invalidity of the claim asserted by defendants, he had shown a legal title in himself sufficient to enable him to maintain the action to quiet his title to the land, such as it was, and to have the adverse claim of defendants in regard thereto fully defined and determined.

"The mere fact that a defendant in an action brought under the provisions of section 738 of the Code of Civil Procedure is shown to have some valid interest or estate in the property in controversy does not warrant the denial of all relief to the plaintiff who has also shown a valid interest therein.

"Such an action is brought, as authorized by the statute, 'for the purpose of determining' any adverse claim that may be asserted therein by a defendant to the land in controversy, and this does not mean that the court is simply to ascertain, as against a plaintiff shown to have a legal interest, whether or not such defendant has *some interest,* but also that the court shall declare and define the interest held by the defendant, if any, so that the plaintiff may have a decree finally adjudicating the extent of his own interest in the property in controversy. The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to. Of course, if the plaintiff fails to show any legal interest in the property in controversy, and as to which he asserts title, he must fail altogether, and could not complain of a judgment of nonsuit, but where he shows any legal interest, he is entitled to have that interest declared by the court. [Citations omitted.] By the order granting a nonsuit, the plaintiff was in effect declared to have no legal interest whatever in the property in controversy. This was of course erroneous." (*Peterson* v. *Gibbs, supra,* 147 Cal. at pp. 4-6; italics in the original.)

Similarly, in the case at bench plaintiffs have at least pleaded that the deeds conveyed only easements and that plaintiffs are the owners of the underlying fees subject to the easements. Plaintiffs are, therefore, entitled to a determination whether their interests in the several properties constitutes an underlying fee subject to an easement and, if so, definition and determination of the nature and extent of the easement, or whether the deeds left in them only possibilities of reverter or potential rights of reentry, and,

in such event, whether the actions of defendant Santa Fe have resulted in reversions or rights of reentry in whole or in part. To sustain defendants' position it would be necessary to conclude as a matter of law that both deeds left in plaintiffs only possibilities of reverter or potential rights of reentry and that the uses and nonuses complained of are not sufficient to trigger such reversions or rights of reentry. Even then an adverse determination would be preferable to dismissal. As previously indicated, however, we do not believe the effect of the alleged uses can be determined from the complaint as a matter of law, particularly in view of the possible application of the doctrine of partial reversion or extinguishment. More importantly, however, it certainly cannot be concluded as a matter of law that the deeds left plaintiffs with only possibilities of reverter or potential rights of reentry. ■ In construing a deed for a railroad right-of-way, the deed is usually construed as giving a mere right-of-way, even though its terms would be otherwise apt to convey a fee. (*Highland Realty Co.* v. *City of San Rafael,* 46 Cal.2d 669, 678 [298 P.2d 15]; *Johnson* v. *Ocean Shore Railroad Co.,* 16 Cal.App.3d 429, 433 [94 Cal.Rptr. 68] and cases there cited.) Were we to construe the right-of-way deed solely from the four corners of the document, we would have no hesitation in concluding that that deed conveyed only an easement. (Cf. *Johnson* v. *Ocean Shore Railroad Co., supra*; see also *Tamalpais etc. Co.* v. *N. W. Pac. R. R. Co., supra,* 73 Cal.App.2d at pp. 927-929.) Even the depot deed may be subject to that interpretation. (Cf. *Johnson* v. *Ocean Shore Railroad Co., supra,* 16 Cal.App.3d at pp. 431-435.) ■ Fundamentally, however, the determination of the effect of deeds such as these is a mixed question of law and fact. "The question is . . . one of intent to be gathered from the language of the conveyance and the surrounding circumstances." (*Tamalpais etc. Co.* v. *N. W. Pac. R. R. Co., supra,* 73 Cal.App.2d at p. 928; see also *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.,* 46 Cal.2d 517, 524-525 [297 P.2d 428]; *Kraemer* v. *Kraemer,* 167 Cal.App.2d 291, 304 [334 P.2d 675].) The amount of consideration paid for the interest conveyed is of considerable importance in construing the deed. (*Tamalpais etc. Co.* v. *N. W. Pac. R. R. Co., supra,* 73 Cal.App.2d at pp. 927-928.) Each of the deeds pleaded recites a consideration of $5. ■ The fact that "only a nominal monetary consideration was paid for the grant is a factor . . . indicating that the grant conveys an easement and not a limited fee." (*Tamalpais etc. Co.* v. *N. W. Pac. R. R. Co., supra,* 73 Cal.App.2d at p. 928.) ■ Of course, whether the recited consideration was the true consideration would require the introduction of extrinsic evidence, which further indicates that the effect of the deeds is inappropriately determined upon demurrer.

Defendants' contention that their demurrers were properly sustained because the complaint shows on its face that relief is barred by laches is

not meritorious. ■ Even if it be assumed that laches may be asserted as a defense to an action for quiet title pursuant to Code of Civil Procedure section 738,[4] a demurrer on the basis of laches cannot be sustained absent a showing on the face of the complaint of an unexplained, unreasonable delay and some prejudicial effect therefrom. (*Zakaessian* v. *Zakaessian*, 70 Cal.App.2d 721, 725-727 [161 P.2d 677].) No such facts are apparent from the face of plaintiffs' third amended and supplemental complaint.

Also unmeritorious is defendants' contention that the description of the entire property and the various portions of the property that have allegedly been abandoned or reverted are so uncertain as to render the complaint fatally defective. ■ In pleadings to quiet title it is sufficient if from the description given a competent surveyor can locate the land on the ground with or without the aid of extrinsic evidence. (*Wagnor* v. *Blume*, 71 Cal.App.2d 94, 103 [161 P.2d 1001]; cf. *Howard* v. *Howard,* 67 Cal. App. 56 [226 P. 984].) We entertain little doubt that a competent surveyor could locate the properties and portions thereof referred to by plaintiffs in their complaint with the aid of extrinsic evidence. ■ Moreover, any such defect is more properly the subject of a special demurrer for uncertainty.

We need not consider defendants' contention that plaintiffs lacked capacity to sue, inasmuch as their demurrers were not sustained on that ground. Their demurrers on that specific ground (see Code Civ. Proc., § 430, subd. 2) were not ruled upon by the trial court.

■ Having concluded that the first and second counts state facts sufficient to entitle plaintiffs to a determination pursuant to Code of Civil Procedure section 738, the judgments of dismissal in favor of defendants Santa Fe, Edison Company and Pacific Telephone must be reversed inasmuch as the judgment was based on the sustention of demurrers to the entire complaint. (*California Trust Co.* v. *Cohn, supra,* 214 Cal. 619, 628; *Shook* v. *Pearson, supra,* 99 Cal.App.2d 348, 351; 3 Witkin, Cal. Procedure (2d ed. 1971) p. 2416.) We need not, therefore, deal conclusively with the third through forty-third counts. Moreover, it is apparent from the record that the defendants and users of the property other than Santa Fe claim the right to do so on one basis or another, and, subject to the discretion of the trial court, we see no reason why these entities could not by amendment be named parties to the first and second causes of action.[5] In

[4]In view of the statutory purpose of finally disposing of disputes concerning real property (*Peterson* v. *Gibbs, supra,* 147 Cal. at pp. 5-6), a disclosure of laches would more appropriately result in a determination adverse to plaintiffs rather than the sustention of a general demurrer.

[5]In each of the third through forty-third causes of action plaintiffs allege that the defendant "has made and is making the said use with the consent and permission of

any event, without intending to resolve the problems presented by the demurrers to the third through forty-third counts, we deem it appropriate to observe the following. Whether plaintiffs are entitled to injunctive relief, damages for trespass or invasions in the nature of trespasses or compensation for inverse condemnation will depend at least in part upon the effect of the deeds. Even if no reversion or right of reentry has materialized, if either deed is construed as having conveyed only an easement, plaintiffs might be entitled to an injunction against uses which materially increase the burden or impose a new and additional burden upon the servient estate (see *Wall* v. *Rudolph*, 198 Cal.App.2d 684, 686 [18 Cal.Rptr. 123, 3 A.L.R.3d 1242]) or some other equitable relief (see *Brown* v. *Ratliff*, 21 Cal.App. 282, 294 [131 P. 769]). ██ Whether the uses constitute uses for the public convenience or necessity is a matter of defense and, ordinarily, a question of fact. (See *Tamalpais etc. Co.* v. *N. W. Pac. R. R. Co.*, *supra*, 73 Cal.App.2d at p. 932.)

### Orders Quashing Service of Summons

By two separate minute orders, the trial court granted motions to quash service of summons and to dismiss in favor of the miscellaneous defendants[6] on the ground that, as to each of them, the summons was not served and returned "within three years after the commencement" of the action. (Code Civ. Proc., § 581a.)[7] These orders are erroneous for either of two reasons.

The initial question raised is the date the action commenced as to the

---

the defendant Santa Fe and that the making of such use has been and is neither open, notorious, hostile, exclusive nor adverse as to the right, title and interest of plaintiffs in and to the real property upon which such uses, and each of them, were and are made." Defendants contend that these allegations in the trespass counts would negate plaintiffs' right to quiet title against the using defendants other than Santa Fe. On the contrary, these allegations are not found in the first and second counts. Furthermore, when viewed in context, it is clear that these allegations were meant only to negative the right of each defendant to make the alleged use by virtue of adverse possession. They do not indicate that the alleged unauthorized uses are not "adverse" to plaintiffs' claim of interest in the property for purposes of quieting title under section 738 of the Code of Civil Procedure. (See *Mining Co.* v. *Mining Co.*, 83 Cal. 589, 609 [23 P. 1102].)

[6]See numbered paragraph (2) on page 28, *ante*.

[7]No written orders of dismissal as required by Code of Civil Procedure section 581d were made or filed except as to defendants Southern Pacific Pipe Lines, Inc. and Metromedia, Inc. As to the other defendants, the record merely shows a clerk's minute entry that their motions were granted. We doubt that the clerk's minute entry constitutes an appealable order. (Code Civ. Proc., § 581d; *Graski* v. *Clothier*, 273 Cal.App.2d 605 [78 Cal.Rptr. 447].) Nevertheless, since defendants do not raise the issue and in view of the fact that a proper order does exist as to two of the defendants, we shall treat the appeal as being from a formal order of dismissal as to all of the miscellaneous defendants.

miscellaneous defendants. ▇ It is established that, as to a party named in the original complaint, the action commences for purposes of section 581a on the date of the filing of the complaint. (*Perati* v. *Atkinson,* 230 Cal.App.2d 251, 252-253 [40 Cal.Rptr. 835].) The same rule is appropriate where the defendant was named in the original complaint by fictitious name. (Cf. *Brock* v. *Fouchy,* 76 Cal.App.2d 363 [172 P.2d 945]; also cf. *Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 599 [15 Cal. Rptr. 817, 364 P.2d 681].) ▇ On the other hand, when a new party is added to the action, the action commences as to him on the date of the order adding him as a party or on the date of filing of the pleading naming him as a new party. (*J. A. Thompson & Sons, Inc.* v. *Superior Court,* 215 Cal.App.2d 719, 720-722 [30 Cal.Rptr. 471] (language concerning another point disapproved in *Cross* v. *Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353]); see also *Monrovia Hospital Co.* v. *Superior Court,* 253 Cal.App.2d 607, 609-610 [61 Cal.Rptr. 737]; *Taliaferro* v. *Riddle,* 167 Cal.App.2d 567, 569-570 [334 P.2d 950].) In addition to the authorities cited, the latter rule is supported by the practical consideration that, unless named as a party (either by true or fictitious name) there is no way in which service can be effected upon a person until he is joined by order or named in an amended pleading.

In granting the motions of the miscellaneous defendants, the trial court found "that these Defendants . . . were so identified in the Complaint and the First Amended Complaint as to be persons, or entities, against whom some form of relief was sought. Therefore, the statute [Code Civ. Proc., § 581a] does apply to all of the time periods extending from the filing of those two complaints." This finding is not supported by an examination of the complaint and first amended complaint.[8]

The original complaint, filed May 17, 1965, named as defendants only Santa Fe and "Does 1 through 30." No charging allegations were made as to the Does, but it is clear that plaintiffs did not intend by naming the Does to refer to the persons or entities other than Santa Fe making allegedly unauthorized uses of the property. These unauthorized uses, which were not specified in the original complaint, are alleged to have been made by "others," not by the Does.[9]

Similarly, the only defendants named in the first amended complaint, filed October 25, 1965, were Santa Fe and "Does 1 through 30." Again, no charging allegations against the Does are to be found, and it is clear

---

[8]The interpretation of these documents is essentially a judicial function and an appellate court is called upon to make an independent interpretation. (*Parsons* v. *Bristol Development Co.,* 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].)

[9]The allegation found in paragraph 6 reads: "Said defendant is using and is permitting the use by *others* of said real property for purposes other than and in addition to those for which the said right-of-way was granted." (Italics added.)

that the Does did not refer to the miscellaneous defendants alleged to be making unauthorized uses of the property. Once again, these persons and entities are referred to in the complaint as "others."[10] In neither the original complaint nor the first amended complaint was any relief sought against the persons or entities identified as "others." The prayer in the original complaint sought only quiet title and injunctive relief against Santa Fe and its successors in interest. In the first amended complaint, quiet title, injunctive relief and damages were sought against Santa Fe. Significantly, although it was requested that Santa Fe be restrained "from licensing or otherwise permitting others to make uses other than those specifically permitted by the terms of said deeds," no injunctive relief was sought against the "others." When the miscellaneous defendants were subsequently named in the action, some in the second amended complaint and the rest in the third amended and supplemental complaint, no attempt was made to add or serve them as parties previously named under fictitious names. They were added as new parties. It is significant that both the second amended complaint and the third amended and supplemental complaint, in addition to naming the miscellaneous defendants as new parties, also named as fictitious parties defendant "Does 1 through 30" just as did the original complaint and the first amended complaint.

 Secondly, it is now well established that when parties are added to an action as necessary or indispensible parties pursuant to Code of Civil Procedure section 389, the action commences as to such parties at the time they are joined. (*Monrovia Hospital Co.* v. *Superior Court, supra,* 253 Cal.App.2d at pp. 608-610; *Taliaferro* v. *Riddle, supra,* 167 Cal.App.2d at pp. 569-570.) Although no joinder of the miscellaneous defendants was requested exclusively on the basis that they were necessary or indispensable parties, we are persuaded that the order granting plaintiffs' motion for leave to file their third amended and supplemental complaint and to add parties defendant was granted at least in part upon that basis.

By minute order dated November 25, 1968, more than three years after the filing of the original complaint and the first amended complaint, the court granted plaintiffs' motion for leave to file the third amended and supplemental complaint. As a part of their motion, plaintiffs informed the court that they were "adding as parties defendant certain persons or con- cerns not heretofore parties to this action who have made or are making non-railroad uses of portions of the real property . . . ." Defendant Santa Fe opposed plaintiffs' motion primarily on the ground that the newly

---

[10]In paragraph 6 it is alleged: "Said defendant is using and is permitting the use by *others* of said real property for purposes other than and in addition to those for which the said right-of-way was granted." (Italics added.) In paragraph 10 appears a sub- stantially similar allegation.

named defendants could not be served within three years from the commencement of the action as required by Code of Civil Procedure section 581a. In the memorandum of points and authorities supporting their motion, plaintiffs relied in part upon the rule that, as to necessary and indispensable parties, the three-year period of section 581a does not commence to run until joinder, citing *Taliaferro* v. *Riddle, supra,* 167 Cal.App.2d 567, and *J. A. Thompson & Sons, Inc.* v. *Superior Court, supra,* 215 Cal.App.2d 719. No definite procedure is prescribed for the joinder of necessary or indispensable parties pursuant to section 389 of the Code of Civil Procedure (see 3 Witkin, Cal. Procedure (2d ed. 1971) p. 1832), and in view of the foregoing facts, the order granting plaintiffs' leave to file their third amended and supplemental complaint was tantamount to an order joining the defendants newly named therein as necessary or indispensable parties. That the miscellaneous defendants are necessary or indispensable parties is indicated by the cases of *Thomson* v. *Talbert Drainage Dist.,* 168 Cal.App.2d 687, 690 [336 P.2d 174] and *Irwin* v. *City of Manhattan Beach,* 227 Cal.App.2d 634, 636-637 [38 Cal.Rptr. 875]. It is noteworthy that, as to a number of counts, defendant Santa Fe's motion to strike, *infra,* was based upon the ground that the miscellaneous defendants had been dismissed and that they were indispensable parties.

### The Motion to Strike

On the motion of defendant Santa Fe, the court struck from the third amended and supplemental complaint all but the first, second, third, fourth, eighth, ninth, thirteenth, seventeenth, twentieth and forty-third counts. The grounds upon which the motion was granted were not specified. Santa Fe made the motion, however, upon three grounds: (1) that it was indicated by a letter from plaintiffs' counsel that they did not intend to serve the defendants other than Santa Fe named in certain of the causes of action; (2) that the signboard and parking lot uses alleged in certain causes of action were insufficient as a matter of law to warrant a forfeiture, i.e., a reversion of right of recovery; and (3) that, as to several causes of action, indispensable parties had been dismissed by the court pursuant to Code of Civil Procedure section 581a.[11] We have previously determined that the orders quashing service upon and dismissing the miscellaneous defendants were erroneous. To the extent that the motion to strike was granted upon this ground, therefore, that order, too, was erroneous. With

---

[11]Normally an order striking matter from a complaint is not an appealable order. (Code Civ. Proc., § 904.1 [previously Code Civ. Proc., § 963].) When, however, the order granting a motion to strike operates to remove from the case the only cause of action alleged against a party and leaves no issues to be determined between him and the plaintiff, it is appealable as a final judgment. (*Wilson* v. *Sharp,* 42 Cal.2d 675, 677 [268 P.2d 1062].)

respect to the other grounds, the motion was also improvidently made and granted.

 The ground that, as a matter of law, the signboard and parking lot uses alleged in a number of counts were insufficient to warrant a forfeiture was simply another way of asserting that those counts did not state facts sufficient to constitute a cause of action. This, of course, is a ground for demurrer (Code Civ. Proc., § 430, subd. 6) and is not, therefore, a proper ground for a motion to strike. (See 3 Witkin, Cal. Procedure (2d ed. 1971) pp. 2464-2465.) Santa Fe demurred to each count of the complaint on this ground, but, as previously noted, the court sustained its demurrer to the entire complaint and, thus, did not reach the demurrers to each count. Presumably, these demurrers will be considered on their merits on remand.

Moreover, we do not read *City of Santa Monica* v. *Jones,* 104 Cal.App. 2d 463 [232 P.2d 55], relied on by defendants, as establishing that unauthorized signboard and parking lot uses cannot, as a matter of law, be enjoined or be the basis for the recovery of damages. In that case, the court viewed the interest of the plaintiff as a potential right of reentry. (104 Cal.App.2d at pp. 467-468.) Plaintiff sought to share in condemnation proceeds. It was held that the plaintiff was not so entitled. The court rested its decision on numerous alternative bases, including that the signboard and parking lot uses were not violative of the conditions of the grant and that, even if they were, they were not so serious as to warrant a forfeiture, particularly in view of the fact that the plaintiff had not theretofore complained of the alleged breach of condition nor attempted to effect a reentry. (104 Cal.App.2d at pp. 469-470.) The court noted that the signboards were removable by order of the railway company upon 24 hours' notice (104 Cal.App.2d at p. 469) and that the parking lot uses were authorized on a month-to-month basis (104 Cal.App.2d at p. 470). Plaintiffs in the instant case have by this very action attempted to assert their alleged right of reentry. The basis upon which miscellaneous defendants are making their uses, whether by licenses, lease or deed from Santa Fe, is not disclosed by the pleadings. Moreover, plaintiffs herein do not base their claims exclusively on a right of reentry or reversion. As previously pointed out, they have alleged that the deeds conveyed only easements and that they are the owners of the underlying fees. As heretofore noted, even if no reversion or right of reentry has materialized, if the deeds conveyed only easements and if the signboard and parking lot uses alleged materially increased the burden or imposed a new and additional burden upon the servient estate, plaintiffs may, at least, be entitled to injunctive relief (see *Wall* v. *Rudolph, supra,* 198 Cal.App.2d 684, 686) if not damages.

The remaining ground for Santa Fe's motion to strike was founded upon a letter dated December 23, 1968, from plaintiffs' counsel to attorney John J. Schimmenti. The letter reads in pertinent part as follows:

"Dear John:

"Randy Karr has asked who we intended to serve in the Southern Pacific case [a companion case] and I thought you might want the same information with regard to your case. We have served or will serve the following additional defendants in the above-entitled case: [certain miscellaneous defendants named]." It was Santa Fe's position that this letter disclosed an irrevocable intention on the part of plaintiffs not to serve any additional defendants other than those named in the letter.

While conceivably this letter could furnish support for a motion by an appropriate party to dismiss for lack of diligent prosecution pursuant to Code of Civil Procedure section 583, Santa Fe's motion to dismiss on that ground was denied by the trial court. The letter expressed nothing more than an intention, as of its date, to serve only the additional parties defendant enumerated therein, and, so long as service of summons could be timely made in accordance with the provisions of Code of Civil Procedure section 581a, the motion to strike, insofar as it may have been based on this letter, was improvidently granted.

The orders and judgments appealed from are reversed with instructions to the trial court to consider the remaining demurrers.

Gardner, P. J., and Kerrigan, J., concurred.

A petition for a rehearing was denied August 19, 1971, and respondents' petition for a hearing by the Supreme Court was denied October 21, 1971. Sullivan, J., did not participate therein.