[Civ. No. 54327. Second Dist., Div. Five. Dec. 18, 1979.]

DWAYNE K. WASHINGTON, a Minor, etc.,
Plaintiff and Appellant, v.
ELMER A. NELSON et al., Defendants and Respondents.

48

**COUNSEL**

Edwin M. Rosenberg for Plaintiff and Appellant.

Bonne, Jones, Bridges, Mueller & O'Keefe and Joel Bruce Douglas for Defendants and Respondents.

**OPINION**

ASHBY, J.—This is an action for wrongful death based on medical malpractice. (Code Civ. Proc., §§ 377, 340.5.) It was commenced by Noella Griffith, the widow of the decedent Robert Griffith, who alleged in her complaint that she was the sole surviving heir. (Code Civ. Proc., § 377.) Subsequently, the court permitted a first amended complaint to be filed, naming appellant Dwayne K. Washington, a minor, as an additional heir and party plaintiff. However, the court then granted defendants' motion that the cause be dismissed as to appellant Washington pursuant to Code of Civil Procedure section 581a, subdivision (a), for failure to serve the summons on the complaint within three years of the commencement of the action. Washington appeals from the order of dismissal.

The decedent died on July 19, 1973, following a period of treatment and medication given by defendants. The widow filed this action for wrongful death on July 15, 1974, and there is no question that she timely filed and served the complaint. An at-issue memorandum was filed August 3, 1976.

On April 20, 1977, plaintiff moved for leave to file a first amended complaint naming appellant Washington as an additional heir and plaintiff. Appellant's guardian ad litem, Carolyn J. Washington, alleged that appellant was born September 7, 1960, that she was his natural mother, and that decedent was his father.

Defendants opposed the amending of the complaint, on the ground the proposed amended complaint showed that appellant's claim was barred by the three-year statute of limitations relating to minors in Code of Civil Procedure section 340.5. The court overruled the objection and granted plaintiffs' motion to amend, ordering the first amended complaint deemed filed and served on July 18, 1977.[1]

---

[1]Defendants also relied on a theory of res judicata or collateral estoppel. Appellant had attempted to file a separate action for wrongful death on March 8, 1977. That action had been dismissed on statute of limitations grounds. The court in the instant case originally denied the motion to amend, relying on the prior adjudication, but changed

On August 15, 1977, defendants moved to dismiss the cause as to appellant Washington under Code of Civil Procedure section 581a, subdivision (a), which requires dismissal "unless the summons on the complaint is served and return made within three years after the commencement of said action...." Defendants argued that if appellant was entitled to take advantage of the widow's July 15, 1974, filing to avoid his statute of limitations problem, then he should also be held to that date for purposes of section 581a, and that since the amended complaint was not deemed filed and served until July 18, 1977, more than three years had expired since "the commencement of said action" and that dismissal was mandatory. The trial court granted the motion to dismiss on October 5, 1977.

DISCUSSION

We hold that the trial court reached a correct result, although by the wrong process of reasoning. ■ The trial court should have held that appellant's claim was barred by the statute of limitations, rather than by Code of Civil Procedure section 581a. Since the ultimate result was correct, we affirm.

■ The principles governing application of Code of Civil Procedure section 581a are stated in *Warren* v. *Atchison, T. & S.F. Ry. Co.*, 19 Cal.App.3d 24, 38 [96 Cal.Rptr. 317]: "...It is established that, as to a party named in the original complaint, the action commences for purposes of section 581a on the date of the filing of the complaint. (*Perati* v. *Atkinson*, 230 Cal.App.2d 251, 252-253 [40 Cal.Rptr. 835].) The same rule is appropriate where the defendant was named in the original complaint by fictitious name. (Cf. *Brock* v. *Fouchy*, 76 Cal.App.2d 363 [172 P.2d 945]; also cf. *Austin* v. *Massachusetts Bonding & Insurance Co.*, 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681].) On the other hand, when a new party is added to the action, the action commences as to him on the date of the order adding him as a party or on the date of filing of the pleading naming him as a new party. (*J.A. Thompson & Sons, Inc.* v. *Superior Court*, 215 Cal.App.2d 719, 720-722 [30 Cal.Rptr. 471] (language concerning another point disapproved in *Cross* v. *Pacific Gas & Elec. Co.*, 60 Cal.2d 690, 694 [36 Cal.Rptr.

---

its position when the order of dismissal in appellant's other case was subsequently vacated pursuant to Code of Civil Procedure section 473. According to respondents, that action was eventually voluntarily dismissed. Thus res judicata played no part in the court's ultimate ruling on the motion to amend.

321, 388 P.2d 353]); see also *Monrovia Hospital Co.* v. *Superior Court,* 253 Cal.App.2d 607, 609-610 [61 Cal.Rptr. 737]; *Taliaferro* v. *Riddle,* 167 Cal.App.2d 567, 569-570 [334 P.2d 950].)"

The case of *J. A. Thompson & Sons, Inc.* v. *Superior Court,* 215 Cal.App.2d 719 [30 Cal.Rptr. 471], cited in *Warren,* is squarely in point. There, as here, the widow filed a wrongful death action, and an amended complaint adding her minor son as an additional plaintiff was not served on the defendant until over three years later. There, as here, the defendant argued that assuming the minor got the benefit of the widow's original filing date for purposes of the statute of limitations, that date should also control the three-year period under section 581a. (215 Cal.App.2d at p. 721.) The court squarely rejected this contention. The court pointed out that "the purpose of the statute of limitations is distinct and apart from that of the time limitations contained in 581a. The statute of limitations is concerned only with the timeliness of instituting an action, while section 581a is concerned with the speedy prosecution of an action after such action has already been commenced. To deny the minor child his rights upon the argument set forth by petitioner seems to us wholly unjust. The minor only became a party to the action on February 19, 1962, upon the filing of the amended complaint by his guardian *ad litem.* Until that time, his interests were neither represented nor protected." (*J. A. Thompson & Sons, Inc.* v. *Superior Court, supra,* at p. 722.)

Thus, as to appellant the three-year period in section 581a did not commence to run in 1974, and the trial court was not authorized to dismiss appellant's action on the basis of that statute. In fairness to defendants, it should be pointed out their extremely technical interpretation of section 581a was advanced only after the trial court overruled their objection to the filing of the amended complaint on statute-of-limitation grounds. Defendants' basic complaint about appellant's late entry into the case is the statute of limitations. We now address that basic issue as an alternative for upholding the trial court's order.

Appellant had argued to the trial court, citing *Rabe* v. *Western Union Tel. Co.,* 198 Cal. 290, 299 [244 P. 1077], that if appellant could not be brought in by amendment, then the unjust result would be that the *widow's* cause of action would be defeated, on the theory that in an action for wrongful death *all* the heirs are "indispensable" parties, and that if one is barred, all are barred. That is simply not the law, as the Supreme Court made clear in *Cross* v. *Pacific Gas & Elec. Co.,* 60

Cal.2d 690, 692-694 [36 Cal.Rptr. 321, 388 P.2d 353]. In that case the statute of limitations had run as to the adult heir but not as to the minor children. The court stated: "Section 377 of the Code of Civil Procedure is a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action. Otherwise, its provisions could not be waived.

"Although recovery under section 377 is in the form of a 'lump sum,' the amount is determined in accordance with the various heirs' separate interests in the deceased's life and the loss suffered by each by reason of the death, and no recovery can be had by an heir who did not sustain a loss.

"Accordingly, each heir should be regarded as having a personal and separate cause of action.

"This is the position that has been consistently taken with respect to wrongful death actions in which the defense of contributory negligence has been raised, it being settled that a bar against recovery by one heir because of contributory negligence does not preclude recovery by others.

"The running of the statute of limitations against adult heirs, therefore, does not affect the rights of minor plaintiffs in a wrongful death action." (*Id.*, at pp. 692-693; citations omitted.)

█ Since the claim of each heir is a personal and separate cause of action, the filing by the widow should not stop the running of the statute of limitations as to appellant, nor conversely would the running of the statute as to appellant affect the widow's claim. (See *Cross* v. *Pacific Gas & Elec. Co., supra*, at p. 693; *Helling* v. *Lew*, 28 Cal.App.3d 434, 437-438 [104 Cal.Rptr. 789].)

█ The decedent died on July 19, 1973. Although in the ordinary wrongful death action the statute of limitations is tolled during the minority of a child (*Cross* v. *Pacific Gas & Elec. Co., supra*, 60 Cal.2d 690, 692; Code Civ. Proc., § 352), the rule is otherwise where the wrongful death is due to medical malpractice. In such case the more specific statute of limitations in Code of Civil Procedure section 340.5 is controlling. (See *Larcher* v. *Wanless*, 18 Cal.3d 646 [135 Cal.Rptr. 75, 557 P.2d 507].)[2] Section 340.5 provides in pertinent part: "*Actions*

_____

[2]Section 340.5 relates to "an action for injury *or death* against a health care provider." (Italics added.)

*by a minor shall be commenced within three years from the date of the alleged wrongful act* except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence." (Italics added.) Appellant did nothing within three years of the death.[3] Appellant has not shown that any of the tolling provisions of the statute, or any other valid tolling theory, is applicable. Appellant's claim was barred by section 340.5.[4]

Since the ultimate result of the trial court's ruling, dismissal of appellant's claim, was correct, the order will be affirmed regardless of our disagreement with the lower court's reasoning. (*Davey* v. *Southern Pacific Co.*, 116 Cal. 325, 329-331 [48 P. 117]; *D'Amico* v. *Board of Medical Examiners*, 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 226-228, pp. 4215-4218.)

The order of dismissal is affirmed.

Kaus, P. J., and Stephens, J., concurred.

---

[3]The death was July 19, 1973. Appellant's earliest action was March 8, 1977, when he filed an attempted separate action for wrongful death. (Fn. 1, *ante*.) The notice of motion for order granting leave to file a first amended complaint in the instant case was not filed until April 20, 1977, and the first amended complaint was not ordered filed by the court until July 18, 1977.

[4]The portion of section 340.5 providing a specific statute of limitations for minors was added by the 1975 amendments, which became effective December 12, 1975. (Stats. 1975, Second Ex. Sess., ch. 1, § 25, p. 3969, ch. 2, § 1.192, p. 3991, Res. ch. 3, p. 4008; Gov. Code, § 9600.) Appellant did not file within the time required by the amended statute or within a reasonable time after its effective date. (Cf. *Osborne* v. *County of Los Angeles*, 91 Cal.App.3d 366, 371 [154 Cal.Rptr. 129].)